UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically filed*

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA and KENTUCKY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> DANIEL CAMERON, *et al.*, <br><br> *Defendants* | Civil Action No. 3:22-cv-00198-RGJ |

**RESPONSE IN OPPOSITION TO MOTION TO REASSIGN**

Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky, Inc. ("Planned Parenthood") has filed a motion to reassign this case to Judge David J. Hale, asserting that reassignment is appropriate because this case is "nearly identical" to *EMW v. Friedlander*, 3:19-cv-00178-DJH, which is currently on Judge Hale's docket. (Doc. 6, PageID.149.) But *EMW* is a three-year-old case that involves challenges to two entirely different laws than the one at issue here. The only thing the two cases have in common is that each case involves abortion, but that is a far cry from the cases being "nearly identical."

True, the plaintiffs in *EMW* have filed a motion to amend their three-year-old complaint to assert challenges to House Bill 3—but that motion remains pending and

1

will be opposed. *This* case is the only case in this judicial district actually challenging House Bill 3, and there is no overlap between this action and the claims regarding House Bill 5 and Senate Bill 9 in *EMW*. And so there is no basis to conclude that reassigning this case to Judge Hale will promote judicial economy. If anything, the potential challenge to House Bill 3 pending before Judge Hale should be heard by the Court here to promote judicial economy.

To be sure, House Bill 3 has nothing to do with either of the two laws challenged in *EMW*. Two laws are at issue in *EMW*: House Bill 5 and Senate Bill 9, both from the 2019 Regular Session of the Kentucky General Assembly. The district court in *EMW* has stayed proceedings related to Senate Bill 9,[1] so it does not make sense to say this case should be reassigned because House Bill 3 is similar in substance to Senate Bill 9. Although the challenge to House Bill 5 has not been stayed, that law has nothing to with House Bill 3. It prohibits the performance of abortions if the doctor knows they are sought because of the child's race, sex, or disability. No provision in House Bill 3 amends the statutory provision at issue in House Bill 5 as it relates to the provision of discriminatory abortions, and this Court can adjudicate the constitutionality of House Bill 3 without any analysis of House Bill 5. The distinct provisions in each bill mean there is no risk of inconsistent relief or delay.

---

[1] The Court in *EMW* stayed the current proceedings regarding Senate Bill 9 until the Supreme Court issues its decision in *Dobbs v. Jackson Women's Health Organization*. (*EMW v. Friedlander*, Doc. 79, PageID.829.)

Planned Parenthood also asserts that reassignment will avoid unnecessary cost. How that is so is anyone's guess. Either way, Planned Parenthood should expect to spend time, effort, and resources to prosecute its own case, and it has not demonstrated how *EMW* will fully resolve its claims against House Bill 3, thereby obviating further merits proceedings and the expenditure of costs. Nor could it as the two statutes lack any similarity other than that both regulate abortion in some way.

Furthermore, there is no judicial economy in assigning all abortion cases to a single judge. Indeed, another judge in this judicial district conducted a five-day trial regarding an abortion statute in the not-so distant past. *EMW Women's Surgical Center v. Meier*, 3:18-cv-224. Reassignment only promotes judicial economy if the cases are related. *See Norton v. Beasley*, 2019 WL 2127297 (E.D. Ky. May 15, 2019) (explaining that the related case doctrine for reassignment will not apply if there is not a related case). Sharing the subject of abortion regulation does not make the two cases related. If that were the case, where would we draw the line? Should all First Amendment cases go to the same judge? Of course not. The only similarity between these two cases is they involve abortion, but that does not make the cases related.

Because the interests of justice do not weigh in favor of reassignment to Judge Hale, this Court should deny Planned Parenthood's motion.

Respectfully submitted,

Daniel Cameron
ATTORNEY GENERAL

*/s/ Christopher L. Thacker*
Victor B. Maddox
Carmine G. Iaccarino
Christopher L. Thacker
Lindsey R. Keiser
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Carmine.Iaccarino@ky.gov
Christopher.Thacker@ky.gov
Lindsey.Keiser@ky.gov

*Counsel for the Commonwealth of Kentucky*

## CERTIFICATE OF SERVICE

I certify that on April 14, 2022, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

*/s/ Christopher L. Thacker*
*Counsel for the Commonwealth of Kentucky*