UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS, | Plaintiff |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXCECUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY, | Defendants |

\* \* \* \* \*

**ORDER**

Plaintiff, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, And Kentucky, Inc., on behalf of itself, its staff, and its patients ("Planned Parenthood"), moves for a Temporary Restraining/Preliminary Injunction and Expedited Hearing ("Motion") under Federal Rule of Civil Procedure 65 restricting Defendants Daniel Cameron, in his official capacity as Attorney General of the Commonwealth of Kentucky ("Attorney General Cameron"); Eric Friedlander, in his official capacity as Secretary of Kentucky's Cabinet for Health and Family Services; Michael S. Rodman, in his official capacity as Executive Director of the Kentucky Board of Medical Licensure; and

1

Thomas B. Wine, in his official capacity as Commonwealth's Attorney for the 30th Judicial Circuit of Kentucky ("Defendants").  [DE 3].  Attorney General Cameron filed a Notice of Intent to Respond.  [DE 5].

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders and permits the Court to grant two types of injunctive relief: a preliminary injunction and a temporary restraining order.  Rule 65(a)(1) specifies that the "court may issue a preliminary injunction only on notice to the adverse party."  "The only type of injunctive relief that a district court may issue *ex parte* [without notice] is a temporary restraining order."  *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).  A court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).  "Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Depinet*, 11 F.3d at 650 (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 439 (1974)).  An *ex parte* temporary restraining order is thus "an extraordinary measure" that will only by granted if the movant "clearly shows that such relief is warranted." *Farrell v. Harvey Elam Fair Value Appraisal Servs.,* No. 11-CV-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) (quoting *Schuh v. Mich. Dep't of Corr.*, No. 09-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010)).

In this case Defendants received notice, as evidenced by their filing of intent to respond, in which they informed the Court that they would respond by Wednesday April 20, 2022.  [DE 5].

2

3

Because Defendants have received notice of Planned Parenthood's pleadings, the Court is within

its authority to issue a temporary restraining order without a response brief or other hearing.  *See*

*Burnette v. Haywood Cty. Bd. of Educ.*, No. 06-1197TAN, 2007 WL 2915413, at *2 (W.D. Tenn.

Aug. 1, 2007); *Everest Nat'l Ins. Co. v. Rockhill Ins. Co.*, No. 8:16-CV-2803-T-35JSS, 2016 WL

8914545, at *6 (M.D. Fla. Oct. 5, 2016).  Based on the harm alleged in the Motion, the Court is

taking the Motion under immediate consideration, and accordingly,

   **IT IS ORDERED** that any response Defendants wish to make to the Motion for

Temporary Restraining Order is due by **Noon on April 19, 2022**.

Rebecca Grady Jennings, District Judge
United States District Court

April 15, 2022

3