IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA and KENTUCKY, INC., on behalf of itself, its staff, and its patients,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL CAMERON, in his official capacity as Attorney General of the Commonwealth of Kentucky, *et al.*,<br><br>    Defendants. | Case No.: 3:22-cv-00198-RGJ |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

  The Attorney General's (the "AG") Opposition concedes the basis to grant Plaintiff's motion for temporary restraining order – it is impossible for Plaintiff to provide legal abortions in the Commonwealth if House Bill 3 (the "Act") remains in effect. In light of this unavoidable conclusion, the AG's brief attempts to re-write the Act to suggest that Plaintiff can simply ignore some of its provisions until the Cabinet acts. That is not what the Act says, and the AG has no authority to change the Act's provisions through its Opposition brief.

  Most importantly, the AG never states that it will refrain from enforcing provisions of the Act pending Cabinet action. Indeed, prior to filing its motion for temporary restraining order, Plaintiff's counsel contacted the AG's office and requested that the Office agree not to enforce the Act until the Cabinet created the requisite forms and administrative procedures. *See* Declaration of Michael Abate, attached hereto, at ¶ 2. The AG's office did not so agree. *Id*. ¶ 5.

And, in its opposition brief, the AG now argues that there will be "irretrievabl[e] harm[]" if the AG is <u>not</u> allowed to enforce the Act immediately. Further, even if the AG chose not to enforce the Act, other named Defendants still have enforcement powers thereby meriting injunctive relief.

Plaintiff and the other abortion provider in Kentucky are at risk of significant civil, criminal, and professional liability for any violation at the Act. They are unable to provide abortions in Kentucky and also comply with the Act pursuant to the vast majority of the interrelated provisions in the Act. This is undisputed, and results in an operative ban on all abortions in the Commonwealth. Injunctive relief is needed to avoid irreparable harm to Plaintiff and its patients.

## ARGUMENT

**I.     The AG Omits Key Elements Of The Act That Render Compliance Impossible Resulting In An Effective Ban Of Abortion In Violation Of Plaintiff And Its Patients' Due Process Rights.**

The Opposition is an exercise in misdirection. Based on the false premise that a court can "construe" a statute to avoid constitutional infirmity by adding words that do not appear in the text, the Opposition argues in favor of its "better interpretation" that "Planned Parenthood will not be required to use and/or submit such forms until the Cabinet has created and distributed them." The Opposition also asserts that certain obligations rest only with the Cabinet to provide necessary forms, and that Plaintiff need not worry about compliance in the meantime. None of these words appear in the text of the law.[1] The AG's interpretation via opposition brief does not

---

[1] *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 805 (Ky. 2009), cited in the Opposition, involved the question of whether a statute granting firefighters immunity from suit was consistent with the Kentucky and federal constitutions. *Caneyville* has no applicability here, nor does it stand for the proposition that a court can somehow "construe" a statute to include words that it does not include.

a law make; opinions of the AG are not binding on courts. *Northland Fam. Plan. Clinic, Inc. v. Cox*, 487 F.3d 323, 342 (6th Cir. 2007) (holding that a state attorney general's opinion is not binding); *G.C. v. Owensboro Pub. Sch.*, 711 F.3d 623, 631 (6th Cir. 2013) (same). Additionally, the other named Defendants have enforcement powers under the Act and have not indicated whether their opinion aligns with the AG.

Moreover, the Opposition incorrectly cabins Plaintiff's requested relief to just the completion of certain forms, ignoring multiple other provisions in the Act that are presently impossible to comply with due to nonexistent regulations, programs, and/or procedures. And while these processes do not yet exist, the penalties for failing to comply with them loom large for Plaintiff and its patients. It is impossible for Plaintiff to immediately comply with any of the following, with attendant penalties:

| Act Section | Description | Penalty for Non-Compliance |
|---|---|---|
| Section 1 | Requires providers to submit form regarding provision of emergency abortion procedures to minors without consent and notarization of new consent forms<br>➢ Immediate compliance with requirement to notarize consent forms impossible | License suspension § 2(27)<br><br>Class D felony § 3(12)(a) |
| Sections 4, 27 | Require providers to submit forms reporting every abortion to the Bureau of Vital Statistics<br>➢ Immediate compliance with nonexistent forms impossible; compliance via guesswork insufficient | |
| Sections 5-11, 14-19 | Create the Kentucky Abortion-Inducing Drug Certification Program for provision of medication abortions in Kentucky<br>➢ The Kentucky Abortion-Inducing Drug Certification Program, forms, registration requirements, and certification requirements do not exist | Class D felony including potential prison time and fine up to $1 million §§ 3(39), 28(6)<br><br>Private/civil right of action for malpractice, wrongful death, and/or restitution with potential actual and punitive damages §§ 11(1), |

| | | |
|---|---|---|
| | | 18(3)<br><br>Professional discipline § 11(1) |
| Section 22 | Establishes tissue disposal process for tissue resulting from a procedural abortion<br>➢ In addition to forms, regulations do not yet exist, and Plaintiff does not have necessary arrangements with vendors | |
| Section 25 | Requires providers to report detailed information about any patient who reports certain complications<br>➢ Compliance via guesswork insufficient | |
| Section 26 | Requires providers to submit form after every medication abortion but is ambiguous regarding information necessary for certain tests and inquiries<br>➢ Compliance via guesswork insufficient | |
| Section 29 | Requires a report of each prescription dispensed by a pharmacy for abortion medication | Misdemeanor for intentional falsification |

The AG suggests Plaintiff can submit information on its own, even though the Act states that Cabinet-created forms are "required" in Sections 1, 4, 8-9, 25-27, and 29. Attempting to comply in this manner requires Plaintiff to itself interpret the Act, determine what information must be submitted, while complying with the imperative—statutory and its own obligations to its patients—that reporting not compromise patient identity, and submit that information in an unspecified format. This "hope for the best" solution put forth by an office that refused to agree not to enforce the Act with its attendant penalties, is insufficient to avoid putting Plaintiff in liability's way.

  The AG's relative silence regarding the medication abortion regime created by the Act is telling. The Opposition states: "There is no requirement on any abortion provider prior to the Cabinet promulgating the regulations." That is the opposite of the Act's language, which states:

> Abortion-inducing drugs shall only be provided to a pregnant person by a qualified physician who is registered with the Cabinet for Health and Family Services as a nonsurgical abortion provider by following the procedures established in Sections 7, 8, and 9 of this Act.

Act § 6(1). Requirements for qualified physicians include signing forms that do not exist and providing abortion-inducing medication only with "the parameters of Kentucky's Abortion-Inducing Drug Certification Program." *Id.* § 15(2). Plaintiff faces potential felony charges for "violations" of the medication abortion program required-but-not-yet-established in Sections 5-11 and 14-19 of the Act and the AG never confirmed it would not enforce the penalties. Immediate injunctive relief is necessary to protect Plaintiff until the medication abortion regime established by the Act comes to fruition and compliance is truly possible. Plaintiff is likewise entitled to emergency relief regarding Section 22(3)'s new requirements that the Cabinet "design forms through administrative regulations" to document information that Plaintiff must provide, when those forms and regulations do not yet exist.

Plaintiff filed its Complaint and Motion 13 hours after the final override vote in the Senate took place. The Act was amended multiple times up to the date it finally passed and was not signed but rather vetoed by the Governor. The AG's suggestion that Plaintiff attempt to comply with the shifting requirements of the Act before it became law, or during the 13 hours it was law prior to Plaintiff filing this Motion, defies reason. Until the forms exist, any effort Plaintiff puts forth to comply will be shooting in the dark.

At bottom, Plaintiff cannot comply with the Act as written and as currently in effect. The result is that, in the absence of court relief, Plaintiff will be forced to turn away patients rather than face the threat of criminal penalties and ruinous fines allowed under the Act. The cessation of abortion services is an unequivocal undue burden on Plaintiff's patients and violates

Plaintiff's due process rights.

## II. The AG Fails To Address Multiple Irreparable Harms At Issue.

Plaintiff provided unrefuted evidence regarding the effective impact of the Act: Plaintiff will have to cancel its weekly abortion services and cease to provide abortion services until its obligations under the new law are clear, which may push some patients beyond the period in which medication abortion is available to them, and others beyond the period in which abortion is available at all. If they are able, patients might travel out of state for care, but with resulting burdens such as potential lost income from not working, needing to secure child care, and potential loss of confidentiality to an employer or partner. These irreparable harms—unaddressed by the AG—justify injunctive relief.

## III. The AG's Opposition Confirms That The Balance of Equities Weighs In Plaintiff's Favor.

The AG tacitly admits compliance with the Act is presently impossible, yet seeks to enforce HB 3 because it has a "sovereign interest in enforcing its duly enacted laws." This contradiction further confirms that injunctive relief is necessary to protect Plaintiff and its patients from potential enforcement of the Act while the Cabinet complies with the numerous tasks assigned to it by the Act, and while Plaintiff works to secure necessary contracts with vendors. The AG will suffer no harm from being ordered temporarily not to enforce a statute that it elsewhere argues is not immediately enforceable anyway.

## CONCLUSION

For the foregoing reasons and those in its initial motion, this Court should grant Plaintiff's motion for a temporary restraining order and/or preliminary injunction.

Dated: April 19, 2022   s/ Casey L. Hinkle_____
Michael Abate
Casey L. Hinkle
William Richard Adams, II
KAPLAN JOHNSON ABATE & BIRD LLP
mabate@kaplanjohnsonlaw.com
chinkle@kaplanjohnsonlaw.com
radams@kaplanjohnsonlaw.com
710 West Main Street, 4th Floor
Louisville, KY 40202
(502) 416-1630

Jennifer S. Romano (*admitted pro hac*)
Marlee Santos (*admitted pro hac*)
CROWELL & MORING LLP
JRomano@crowell.com
MSantos@crowell.com
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
(213) 622-4750

Miranda Turner (*admitted pro hac*)
Gloria Martinez Trattles (*admitted pro hac*)
CROWELL & MORING LLP
MTurner@crowell.com
GTrattles@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500

Julie Murray (*pro hac application forthcoming*)
Carrie Y. Flaxman (*pro hac application forthcoming*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
julie.murray@ppfa.org
carrie.flaxman@ppfa.org
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
(202) 973-4830

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2022, I filed the foregoing with the Court through the Court's CM/ECF system. I further served a copy of this Motion on counsel for Defendants by email at the following addresses:

Victor Maddox, victor.maddox@ky.gov

Carmine G. Iaccarino, carmine.iaccarino@ky.gov

Christopher L. Thacker, Christopher.Thacker@ky.gov

Lindsey R. Keiser, Lindsey.Keiser@ky.gov

Wesley W. Duke, WesleyW.Duke@ky.gov

Michael S. Rodman, kbml@ky.gov

Leanne Diakov, Leanne.diakov@ky.gov

Thomas Wine, tbwine@louisvilleprosecutor.com

s/ Casey L. Hinkle
*Counsel for Plaintiff*