IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, & KENTUCKY, INC.<br><br>   Plaintiff,<br><br>v.<br><br>DANIEL CAMERON, *et al*.,<br><br>   Defendants. | Case No.: 3:22-cv-198-RGJ |

### EMW WOMEN'S SURGICAL CENTER AND DR. ERNEST MARSHALL'S EXPEDITED MOTION TO INTERVENE FOR DECLARATORY AND INJUNCTIVE RELIEF

On April 13, 2022, a sweeping omnibus abortion law, House Bill 3 (H.B. 3, or "the Act") took effect, which prohibits doctors from providing an abortion at 15 weeks in pregnancy and imposes numerous unnecessary abortion restrictions that require abortion providers to use forms created by the Cabinet for Health and Family Services or follow regulations promulgated by the Cabinet. On April 21, this Court entered a temporary restraining order enjoining H.B. 3 in "its entirety" because it is impossible to comply with until the Cabinet creates the forms and regulations. *Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky v. Cameron, et al.*, No. 3:22-cv-00198-RGJ (Doc. 27).

However, because Planned Parenthood does not provide abortion past 14 weeks in pregnancy, Planned Parenthood's motion did not detail all of the reasons the 15-week ban should be enjoined by this Court. Based on the risk that Defendants may argue that the 15-week ban is not within the scope of the Court's injunction, Proposed Intervenor Plaintiffs EMW Women's Surgical Center and Dr. Ernest Marshall (also referred to as "EMW" hereafter) are not providing

abortion at 15 weeks and beyond. For this reason, and the reasons discussed further *supra*, Proposed Intervenor Plaintiffs move to intervene in the above-captioned case. If granted, Proposed Intervenor Plaintiffs will also request that this Court clarify that its April 21 Order encompasses the 15-week ban in H.B. 3 or grant a TRO against the 15-week ban provisions of H.B. 3 immediately. **Without relief from this Court, Proposed Intervenor Plaintiffs are continuing to turn away patients seeking abortion at 15 weeks and beyond, causing irreparable harm to Proposed Intervenor Plaintiffs and their patients. Proposed Intervenor Plaintiffs generally provides abortion Tuesday through Saturday, and nearly every day they have one or more patients scheduled for an abortion at or after 15 weeks in pregnancy. Since April 13, Proposed Intervenor Plaintiffs have turned away 23 patients seeking abortion care who were at or after 15 weeks of pregnancy.**

Proposed Intervenor Plaintiffs move to intervene as of right pursuant to Fed. R. Civ. P. 24(a), or in the alternative, requests the Court's permission to intervene pursuant to Fed. R. Civ. P. 24(b). "[D]isposing of the action" will "impair … [EMW's] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Furthermore, EMW's interests are not adequately represented by Planned Parenthood because, as stated above, of the two abortion providers in the state of Kentucky, only EMW provides abortions at 15 weeks and after. Because it is not clear whether Defendants will argue that H.B. 3's 15-week ban was enjoined by this Court's April 21 Order (Doc. 27), and because Planned Parenthood did not raise a substantive challenge to the 15-week ban provisions of H.B. 3, EMW is uniquely positioned to challenge those provisions and seek injunctive relief as to those provisions so that its patients may receive the care they need. In the alternative, EMW seeks permission to intervene in this litigation under Rule 24(b).

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a), the "court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest." Fed.R.Civ.P. 24(a)(2). To satisfy this rule, courts in this circuit require an applicant to show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001). EMW and Dr. Marshall satisfy all four factors of this test and therefore should be permitted to intervene in this case.

In the alternative, EMW asks the Court to exercise its discretion and grant it permission to intervene. The Federal Rules of Civil Procedure provide that "the court may permit anyone to intervene who … has a claim or defense that share with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Once the proposed intervenor establishes this requirement, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citation omitted). The common question of law in this case is the constitutionality of Kentucky's House Bill 3, and there is no undue delay or prejudice that would counsel against intervention.

### A. EMW Should Be Allowed to Intervene in This Litigation.

#### 1. EMW's Application is Timely.

When determining whether an application is timely, "the following factors should be considered: (1) the point to which the suit has progressed; (2) the purpose for which intervention

is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). "No one factor is dispositive, but rather the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Blount-Hill*, 636 F.3d at 284 (internal quotation marks and citation omitted).

EMW files this motion less than two weeks after the litigation was commenced and seeks to represent its interests as well as the unique interests of its employees and patients in claims pending against Defendants. Further, EMW files this motion just three days after their motion to supplement their complaint in another matter was denied. On April 13, 2022, EMW moved to supplement its complaint in a lawsuit pending against two other abortion bans passed by the Kentucky General Assembly: a 6-week ban and a Reason Ban both passed during the 2019 General Assembly legislative session. *EMW Women's Surgical Center v. Friedlander et al.*, Case No. 3:19-cv-00178-DJH (W.D. Ky.) (Doc. 81). That motion was denied on April 22, and a simultaneously filed Motion for a Temporary Restraining Order against the 15-week ban provision of H.B. 3 was denied as moot. (*Id.*, Doc. 86.) In denying that motion, the *EMW* Court cited this pending matter, basing its order on the fact that "expedited consideration of H.B. 3's constitutionality is already underway in another case before this Court and supplementation is not otherwise in the interest of judicial economy." (*Id.*)

As of the filing of this motion, there have been no dispositive motions filed, no discovery requests served by either party, and no hearings held in this case. The original parties will suffer

no prejudice given EMW's prompt request to intervene following the denial of their motion to supplement their complaint in Case No. 3:19-cv-00178-DJH. No parties will suffer any prejudice if this motion is granted. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (concluding that timeliness is not a factor when "[t]he intervention motion was filed just two weeks after the complaint, and the case was obviously in its initial stage"). Finally, there are no unusual circumstances that counsel against intervention.

### 2. EMW Possesses a Substantial Legal Interest in the Case.

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right," *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted), which ensures that the interest test serves "primarily [as] a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," *United States v. Rutherford Cty. Tenn.*, No. 3:12- 0737, 2012 WL 3775980, at *4 (M.D. Tenn. Aug. 29, 2012) (internal quotation marks and citation omitted). EMW has a direct and significant legal interest in the outcome of this case. Groups that are "regulated by the … law" or "whose members are affected by the law" are considered to have "an ongoing legal interest" for the purposes of intervention. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 345 (6th Cir. 2007). EMW, as one of Kentucky's two licensed abortion facilities, is impacted by H.B. 3 in much the same way that Plaintiff Planned Parenthood has been. Planned Parenthood has obtained a temporary restraining order enjoining enforcement of H.B. 3, yet it remains unclear whether Defendants will argue that the TRO does not enjoin the 15-week ban provisions of H.B. 3. EMW normally provides abortion beyond 15 weeks, and up to the statutory limit of 21.6 weeks as dated from a patient's last menstrual period. However, given the uncertainty of Defendants' position of the scope of

this Court's April 21 Order, EMW has turned away patients at 15 weeks and beyond.

As the constitutionality of H.B. 3's numerous provisions is litigated in the coming weeks and months, EMW's legal interests will be implicated. *See e.g.*, *Am. Civil Liberties Union of Mich. v. Trinity Health Corp.*, No. 15-CV-12611, 2016 WL 922950, at *2-3 (E.D. Mich. Mar. 10, 2016) (holding that because the "outcome of the litigation could have an effect on the day-to-day aspect of their duties as healthcare professionals[,] . . . the Medical Applicants are able to intervene as of right").

### 3. EMW's Ability to Protect Its Interest Will Be Impaired Without Intervention.

The Sixth Circuit has "join[ed] other circuits in holding that the possibility of adverse stare decisis effects provides intervenors with sufficient interest to join an action." *Jansen*, 904 F.2d at 342. To claim potential adverse stare decisis effects, the would-be intervenor need not prove that "that impairment will inevitably ensue from an unfavorable disposition." *Purnell v. City of Akron*, 925 F.2d 941, 948–49 (6th Cir. 1991). "[T]he would-be intervenors need only show that the disposition may . . . impair or impede [their] ability to protect [their] interest." *Id*. (citing to Fed. R. Civ. P. 24(a)) (internal quotation marks and emphasis omitted). This broad interpretation of "impairment" reflects the animating principle that the party seeking intervention must satisfy a "minimal" burden and show only that impairment of its interest "is possible if intervention is denied." *Mich. State AFL-CIO*, 103 F.3d at 1247. In this case, an adverse decision will affect an attempt by EMW to enforce its rights and the rights of its physicians and patients in future litigation involving the constitutionality of H.B. 3's many provisions. Furthermore, intervention is necessary to ensure that EMW is able to participate fully in the litigation. and seek injunctive relief so that its patients may receive the care they need.

### 4. Planned Parenthood Cannot Adequately Represent EMW's Interests.

6

The general rule is that because "there is good reason in most cases to suppose that the applicant is the best judge of the representation of the applicant's own interests[,]" courts should "be liberal in finding that one who is willing to bear the cost of separate representation may not be adequately represented by the existing parties." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1909 (3d ed. 2002).

Under this general rule, "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Mich. State AFL-CIO*, 103 F.3d at 1247. Such a showing permits intervention where interests are "different without being adverse." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909 (3d ed. 2002).

While many if not most of Planned Parenthood's and EMW's arguments will be aligned, only EMW is affected by H.B. 3's 15-week ban. Accordingly, EMW will challenge the substantive unconstitutionality of the 15-week ban by proffering evidence from its providers and on behalf of its patients, which Planned Parenthood cannot do.

If the proposed intervenor has "presented legitimate and reasonable concerns about whether the [party] will present" certain claims or arguments or engage in certain inquiries, this Court should "conclude that the proposed intervenors have . . . established the possibility of inadequate representation." *Grutter v. Bollinger*, 188 F.3d 394, 400-01 (6th Cir. 1999); *N.Y. Pub. Interest Research Grp., Inc. v. Regents of the Univ. of the State of N. Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (concluding that if "there is a likelihood that [the intervenor] will make a more vigorous presentation of [an argument] than would the [party,] . . . their interests may significantly differ from those of the [party]" (internal quotation marks omitted)). In this case, EMW has satisfied its "minimal" burden to demonstrate that Planned Parenthood may not

adequately represent its interests. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

### B. In the Alternative, EMW Asks the Court for Permission to Intervene.

The decision to grant permissive intervention rests with the discretion of the Court. *Am. Special Risk Ins. Co. ex rel. S. Macomb Disposal Auth. v. City of Centerline*, 69 F. Supp. 2d 944, 955 (E.D. Mich. 1999). "In exercising its discretion, the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In order to intervene permissively, the proposed intervenor must establish at least one common question of law or fact. *Am. Civil Liberties Union of Mich.*, 2016 WL 922950, at *4.

As stated above, EMW has demonstrated "that they have an interest in the current litigation." *Id*. At minimum, the constitutionality of H.B. 3's many provisions presents a question of law common to the action. Furthermore, as discussed above, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. The case was only recently filed, and no hearing or briefing deadlines have yet been set. Furthermore, since discovery requests have yet to be served, there is no risk of discovery-related prejudice to either party.

### CONCLUSION

For the foregoing reasons, EMW respectfully requests that this Court grant this motion to intervene. A proposed order and proposed intervening Complaint have been tendered with this motion.

Dated: April 25, 2022                                             Respectfully submitted,

/s/ Heather L. Gatnarek
Heather L. Gatnarek
ACLU of Kentucky Foundation
325 West Main Street, Suite 2210
Louisville, Kentucky 40202
(502) 581-9746
heather@aclu-ky.org

Brigitte Amiri*
Rachel Reeves*
Jennifer Dalven*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633
bamiri@aclu.org
rreeves@aclu.org
jdalven@aclu.org

Michele Henry
Craig Henry PLC
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
(502) 614-5962
mhenry@craighenrylaw.com

*pro hac vice motions to be filed

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on April 25, 2022, which will generate an electronic notice of filing to all counsel registered with that service.

s/Heather Gatnarek
Heather Gatnarek