UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS | Plaintiff |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXCECUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY | Defendants |

* * * * *

## MEMORANDUM OPINION & ORDER

Proposed Intervenor Plaintiffs EMW Women's Surgical Center and Dr. Ernest Marshall ("EMW"), move to intervene in the above-captioned case on an expedited basis. [DE 28]. If granted, EMW also asks the Court to clarify its April 21 Order, [DE 27], or grant a temporary restraining order against the 15-week ban provisions of Kentucky House Bill 3, the Humanity in Healthcare Act of 2022 [DE 1-1 ("HB 3")]. [DE 28-2]. For the reasons below, EMW's Motion to Intervene for Declaratory and Injunctive Relief [DE 28] is **GRANTED** and the Motion for a Temporary Restraining Order [DE 28-2] is **DENIED as moot**. To clarify its April 21 Order, the

1

Court "restrain[ed] the entirety of HB 3." [DE 27 at 242]. The "entirety of HB 3" includes all provisions of HB 3.

### I.   BACKGROUND

On April 13, 2022, the Kentucky Legislature passed HB 3, which took effect immediately. [*Id.* at 243]. HB 3, among other things, prohibits doctors from providing an abortion at 15 weeks in pregnancy. Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, & Kentucky, Inc. ("Plaintiff") does not provide abortions after 13 weeks and 6 days. [DE 1 at 7]. EMW, the only other abortion provider in Kentucky other than Plaintiff, does provide abortions after 15 weeks. [DE 28 at 263]. EMW provides its services Tuesday through Saturday and has turned away at least 23 patients since HB 3 became effective. [*Id.*].

Because Plaintiff does not provide abortions up to the statutory limit of 21.6 weeks, EMW has moved to intervene in this case. [*Id.* at 266]. EMW argues that Plaintiff cannot adequately represent its interests because it does not provide abortions beyond HB 3's 15-week ban. [*Id.* at 263].

### II.   MOTION TO INTERVENE

EMW moves to intervene as of right under Federal Rule of Civil Procedure 24(a), or in the alternative, requests the Court's permission to intervene under Federal Rule of Civil Procedure 24(b).

#### A.  Standard of Review

Under Federal Rule of Civil Procedure 24(a), the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest."

Fed. R. Civ. P. 24(a)(2).  To satisfy this rule, courts in this circuit require an applicant to show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest."  *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 2011)).  Each element is mandatory, so a failure to satisfy any element will defeat intervention. *Id.*

Alternatively, the Federal Rules of Civil Procedure provide that "the court may permit anyone to intervene who . . . has a claim or defense that share with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  Once the proposed intervenor establishes this requirement, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed."  *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citation omitted).

### B.  Intervention as of Right

#### i.  *Timeliness of Application*

Courts in the Sixth Circuit must consider these five factors to determine whether an application is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'"  *Blount-Hill*, 636 F.3d at 283 (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000)).

EMW moved to intervene less than two weeks after Plaintiff initiated this action.  [DE 28].  EMW moved to supplement its complaint with a challenge to HB 3's 15-week ban in *EMW Women's Surgical Center v. Friedlander et al.*, Case No. 3:19-cv-00178-DJH (W.D. Ky.), a separate lawsuit challenging two other time limits on abortion.  [*Id.* at 265].  However, EMW's motion to amend and a related motion for a temporary restraining order was denied on April 22.  [*Id.*].  The *EMW* Court reasoned that "expedited consideration of H.B. 3's constitutionality is already underway in another case before this Court and supplementation is not otherwise in the interest of judicial economy."  [EMW Case, DE 86 at 1011].  EMW moved to intervene the next business day after the *EMW* Court's order.

When a motion to intervene was filed less than two weeks after the complaint, the Sixth Circuit has held that the motion was timely.  *See, e.g.*, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).  EMW expeditiously moved to intervene less than two weeks after this action commenced and the next business day after the *EMW* Court's ruling.  No dispositive motions have been filed, no discovery requests have been served by wither party, and no hearings have been held.  EMW has moved to intervene because it does not believe Plaintiff can adequately represent its interest in challenging HB 3's 15-week ban on abortion.  [DE 28 at 263].  Moreover,

there is no indication that any party will suffer prejudice if the motion is granted and there are no unusual circumstances.[1]  As a result, EMW has satisfied this factor.

### ii.  Substantial Legal Interest

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right," *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted); *see also Bradley v. Millike*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally.").  "[A]n intervenor need not have the same standing necessary to initiate a lawsuit." *Miller*, 103 F.3d at 1245 (citing *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991)).  Groups that are "regulated by the . . . law" or "whose members are affected by the law" are considered to have "an ongoing legal interest" for the purposes of intervention. *Northland Fam. Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 345 (6th Cir. 2007).

EMW and Plaintiff are the only two abortion providers in Kentucky.  [DE 28 at 266]. Therefore, EMW and Plaintiff are affected by HB 3's new regulatory regime in similar ways.  [*Id.*]. However, Plaintiff has not directly challenged the 15-week ban on abortions because it does not apply to the services it provides.  Under the Sixth Circuit's expansive reading of "interest," EMW has the same substantial legal interest in HB 3 as Plaintiff and an additional legal interest in HB 3's ban on abortions after 15 weeks. *See Providence Baptist Church*, 425 F.3d at 315.  EMW's patients also have a legal interest to the extent that they are affected by HB 3's regulatory regime. *See Northland Family Planning Clinic, Inc*, 487 F.3d at 345.  Because EMW and its patients have

---

[1] The Court takes note that many paragraphs of this Complaint appear identical to EMW's proposed Supplemental Complaint in the *EMW* Case.  *Compare*, EMW Case, DE 81-1 at 851, ¶3 *with* DE 1 at 2 ¶3. Additionally, all Defendants in this case are currently or were parties to the *EMW* Case.  Therefore, it is unlikely that any party will suffer prejudice because they are already apprised of EMW's position in this case.

a substantial legal interest in the outcome of this litigation, the Court finds that EMW has satisfied the second factor.

### iii.   Ability to Protect Legal Interest Without Intervention

The Sixth Circuit has "join[ed] other circuits in holding that the possibility of adverse stare decisis effects provides intervenors with sufficient interest to join an action." *Jansen*, 904 F.2d at 342.   To claim potential adverse stare decisis effects, the intervenor need not prove "that impairment will inevitably ensue from an unfavorable disposition." *Purnell*, 925 F.2d at 948–49. "[T]he would-be intervenors need only show that the disposition may . . . impair or impede [their] ability to protect [their] interest." *Id*. (citing Fed. R. Civ. P. 24(a)) (internal quotation marks and emphasis omitted).   "This burden is minimal." *Miller*, 103 F.3d at 1247.

An adverse decision will affect, and possibly prevent, any attempt by EMW to enforce its rights and the rights of its physicians and patients in challenging the constitutionality of HB 3. Specifically, an adverse decision may impede EMW's interests by prohibiting  its to challenge HB 3's 15-week ban on abortion. *See Purnell*, 925 F.2d at 948–49.   Because EMW's burden is only "minimal," see *Miller*, 103 F.3d at 1247, the Court finds that EMW has satisfied the third factor.

### iv.   Inadequate Representation

The burden of establishing that an intervenor's interest is not adequately protected by the existing party "is minimal because it is sufficient that the movant[ ] prove that representation may be inadequate." *Linton by Arnold v. Comm'r of Health and Env't, State of Tenn.*, 973 F.2d 1311, 1319 (6th Cir. 1992).   The intervenor need not show that the representation will be inadequate. *See Miller*, 103 F.3d at 1247.   "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

6

EMW acknowledges that many of its arguments will be aligned with Plaintiff's. [DE 28 at 267]. However, because Plaintiff does not perform abortions after 15 weeks, only EMW is affected by HB 3's 15-week ban. Accordingly, EMW argues that it will challenge the constitutionality of the 15-week ban, which Plaintiff cannot do. [*Id.*]. Based on Plaintiff's inability to challenge the 15-week ban, Plaintiff is unable the same arguments as EMW. *See Miller*, 103 F.3d at 1247. As a result, EMW has met its "minimal" burden by proving that Plaintiff's representation alone will be inadequate. *See Lindon*, 973 F.2d at 1319. EMW has satisfied the fourth factor.

Because the Court finds that EMW has satisfied all four factors required by Federal Rule of Civil Procedure 24(a), EMW's Motion to Intervene for Declaratory and Injunctive Relief [DE 28] is **GRANTED**.[2]

### III.    MOTION FOR CLARIFICATION OR A TEMPORARY RESTRAINING ORDER

In its April 21 Order, the Court "restrain[ed] the entirety of HB 3." [DE 27 at 242]. The "entirety of HB 3" includes all provisions of HB 3. The Court only considered Plaintiff's arguments when issuing the Temporary Restraining Order. If EMW wishes to seek a preliminary injunction based on relief requested in its Complaint [DE 28-1], EMW may file a motion for a preliminary injunction by Friday, April 29, 2022. If EMW chooses to file a motion for a preliminary injunction, then it will be considered at the hearing scheduled for Monday, May 2, 2022 at 10:00 AM. For these reasons, EMW's Motion for a Temporary Restraining Order [DE 28-2] is **DENIED** as moot.

---

[2] Although the Court finds that EMW may intervene as of right, the Court would have granted EMW's permissive intervention under Federal Rule of Civil Procedure 23(b).

## IV. CONCLUSION

The Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1.   EMW's Motion to Intervene for Declaratory and Injunctive Relief [DE 28] is **GRANTED**;

2.   EMW's Motion for a Temporary Restraining Order [DE 28-2] is **DENIED as moot**.

Rebecca Grady Jennings, District Judge
United States District Court

April 26, 2022