IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, & KENTUCKY, INC., <br><br>      Plaintiff, <br><br> EMW WOMEN'S SURGICAL CENTER, P.S.C., *et al.*, <br><br>      Intervenor Plaintiffs, <br><br>      v. <br><br> DANIEL CAMERON, *et al.*, <br><br>      Defendants. | Case No.: 3:22-cv-198-RGJ |

**INTERVENOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Intervenor Plaintiffs (hereinafter "EMW") join Plaintiff Planned Parenthood's motion for a preliminary injunction (Doc. 3). For the reasons stated in that motion, and in this Court's April 21 TRO (Doc. 27), this Court should preliminarily enjoin H.B. 3 in its entirety because compliance is impossible. EMW does not offer additional arguments on that score; however, if this Court does not enjoin H.B. 3 in its entirety based on arguments raised by Planned Parenthood, EMW respectfully requests that this Court include within the scope of any preliminary injunction those provisions of H.B. 3 that ban abortion at 15 weeks in pregnancy (Act §§ 27, 32–35), in addition to all others for which the Court finds preliminary injunctive relief appropriate. As discussed below, EMW has a strong likelihood of success on the merits of its substantive due process challenge to the 15-week ban; EMW's patients will be irreparably harmed by the 15-week ban; and the remaining preliminary injunction factors weigh in EMW's

favor.

## STATUTORY FRAMEWORK

In addition to the various restrictions imposed by the Act that are outlined in this Court's April 21 TRO (Doc. 27), the Act bans abortion at 15 weeks in pregnancy as measured from a patient's last menstrual period ("lmp"). Act §§ 27, 32–35. The Board of Medical Licensure shall revoke the medical license if a physician violates the law. KRS 311.782(4). In addition, the Attorney General has the authority to bring an action in law or in equity to enforce the 15-week ban. Act § 35. There is a very limited exception to the 15-week ban, namely that the abortion is necessary to prevent the death of the pregnant woman or to avoid serious risk of the substantial and irreversible impairment of a major bodily function of the woman, KRS 311.783, and there are other limited affirmative defenses, KRS 311.782(2)(b).

## STATEMENT OF FACTS

Intervenor Plaintiff EMW Women's Surgical Center is one of two outpatient abortion facilities in Kentucky and both are located in Louisville. Verified Compl. (Doc. 33) ¶ 26. Both abortion facilities provide medication abortion up to 10 weeks lmp. *Id*. Planned Parenthood also provides procedural abortions up to 13 weeks and 6 days lmp. Plaintiff EMW provides procedural abortions up to 21 weeks and 6 days lmp. *Id*. The Act bans abortion at 15 weeks in pregnancy, a pre-viability point in pregnancy. *Id*. ¶ 24.

## ARGUMENT

In ruling on a preliminary injunction, the Court considers four factors, all of which weigh heavily in Plaintiffs' favor: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would

2

be served by the issuance of an injunction." *Am. Civil Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015) (internal quotation marks omitted).

As set forth below, Plaintiffs readily satisfy this standard. Plaintiffs are likely to prevail on the merits because the Act directly contravenes decades of binding Supreme Court precedent holding that a State may not ban abortion before the point of viability. Enforcement of the Act will inflict severe and irreparable harm on Plaintiffs' patients, and the balance of hardships weighs decisively in Plaintiffs' favor. Finally, the public interest would be served by blocking the enforcement of this unconstitutional and harmful statute.

I. **PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIM THAT THE 15-WEEK BAN VIOLATES THE SUBSTANTIVE DUE PROCESS CLAUSE.**

This Court has recognized that the Supreme Court has held that the Fourteenth Amendment protects the right to abortion prior to viability. *Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky v. Cameron, et al.*, No. 3:22-cv-00198-RGJ (Doc. 27, PageID.251). The Supreme Court has repeatedly and unequivocally held that the government may not ban abortion prior to viability. Nearly five decades ago, the Supreme Court struck down as unconstitutional a state criminal abortion statute proscribing all abortions except those performed to save the life of the pregnant woman. *Roe v. Wade*, 410 U.S. 113 (1973). The Supreme Court has repeatedly reaffirmed that core holding in the more than four decades since *Roe* was decided. For example, in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, decided more than a quarter century ago, the Court reaffirmed the "central principle" of *Roe* that, "[b]efore viability, the State's interests are not strong enough to support a prohibition of abortion . . . ." 505 U.S. 833, 846 (1992). Although *Casey* jettisoned *Roe*'s strict scrutiny standard in favor of the "undue burden" standard, under which a restriction on pre-viability abortion is permitted as long as the law

3

does not place a "substantial obstacle" in the path of a woman seeking abortion, the Court emphasized:

> Our adoption of the undue burden analysis does not disturb the central holding of *Roe v. Wade*, and we reaffirm that holding. Regardless of whether exceptions are made for particular circumstances, *a State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability*.

505 U.S. at 879 (emphasis added); *see also id.* at 846 ("*Roe*'s essential holding . . . is a recognition of the right of the woman to choose to have an abortion before viability"); *id.* at 871 (any state interest is "insufficient to justify a ban on abortions prior to viability even when it is subject to certain exceptions"). These central holdings have been repeatedly reaffirmed by the Court, including as recently as 2016 and 2020. *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582 (2016), and *June Med. Servs. L.L.C. v. Russo*, 140 S. Ct. 2103 (2020).[1] Recently, in *Preterm-Cleveland v. McCloud*, 994 F.3d 512, 520 (6th Cir. 2021) (en banc), the Sixth Circuit held that a law expressly characterized as a ban is subject to the undue burden test. Under that test, a law restricting abortion must satisfy two requirements. First, the law must be reasonably related to a legitimate state interest. Second, the law must not have the effect of placing a substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus. *Id*. at 524–25 (internal

---

[1] Defendants will undoubtedly point to *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, in which the United States Supreme Court is considering whether Mississippi's 15-week ban is constitutional. Regardless of the outcome in that case, the parties and this Court are required to apply the law as it exists today because "vertical *stare decisis* is absolute." *Ramos v. Louisiana*, 140 S. Ct. 1390, 1416 n.5 (2020) (Kavanaugh, J., concurring in part); *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) (the Supreme Court alone has "the prerogative of overruling its own decisions"). Notably, prior to being added to H.B. 3, the 15-week ban was a standalone bill, S.B. 321, with a regular effective date of 90 days after passage. The sponsor of that bill noted that *if* Mississippi's 15-week ban is upheld, *then* Kentucky's 15-week ban would be enforceable. Bruce Schreiner, *Kentucky Senate passes bill banning abortion after 15 weeks*, AP News (March 16, 2022), available at https://apnews.com/article/abortion-us-supreme-court-health-united-states-kentucky-e3e55974c070ed8737e23c5f86b63e24.

citations and quotations omitted).

The Court need not reach the question of whether the Act is reasonably related to a legitimate state interest because the Act unquestionably fails the second part of the undue burden test. As this Court has held, banning abortion prior to viability imposes an unconstitutional substantial obstacle. *Planned Parenthood*, No. 3:22-cv-00198-RGJ (Doc. 27, PageID.252). Indeed, the 15-week ban prohibits abortion for all patients seeking abortion between 15 weeks and 21 weeks and 6 days in pregnancy, a period when the fetus is not viable. The Sixth Circuit held that "[u]nder the law of our circuit, a woman faces a substantial obstacle when she is deterred from procuring an abortion as surely as if the government has outlawed an abortion in all cases." *Id*. at 525. Therefore, the 15-week ban creates a substantial obstacle in the path of people seeking abortion of a nonviable fetus. In fact, Defendant Cameron concedes that the 15-week ban is a prohibition on pre-viability abortions. Attorney General Daniel Cameron's Resp. to Pl.'s Mot. for T.R.O. (Doc. 21, PageID.205–206). Plaintiffs have therefore established that they are likely to succeed on the merits of their claim that the ban violates the substantive due process rights of their patients.

**II.     PLAINTIFFS AND THEIR PATIENTS WILL SUFFER IRREPARABLE HARM.**

As the Sixth Circuit has long made clear, "if it is found that a constitutional right is being threatened or impaired, *a finding of irreparable injury is mandated*." *Am. Civil Liberties Union of Ky. v. McCreary Cty.*, 354 F.3d 438, 445 (6th Cir. 2003) (emphasis added) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *accord Mich. State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 669 (6th Cir. 2016) ("[W]hen constitutional rights are threatened or impaired, irreparable injury is presumed.") (internal quotation marks omitted); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (same); *Taubman Co. v. Webfeats*, 319 F.3d 770, 778 (6th Cir.

2003) ("[T]he loss of constitutional rights for even a minimal amount of time constitutes irreparable harm."). The Act impairs a patient's constitutional right to make "the ultimate decision to terminate her pregnancy before viability," and therefore this Court must find irreparable harm. *Casey*, 505 U.S. at 879. This Court has found irreparable harm caused to the plaintiff and its patients in its April 21 Order. *Planned Parenthood*, No. 3:22-cv-00198-RGJ (Doc. 27, PageID.254).

If the 15-week ban is allowed to take effect, the consequences will be dire: patients will be forced to attempt to travel out of state for care, if they are able to scrape together the resources, or they will be forced to remain pregnant against their will. Furthermore, because "the abortion decision is one that simply cannot be postponed, or it will be made by default with far-reaching consequences," *Bellotti v. Baird*, 443 U.S. 622, 643 (1979), the presumption of irreparable harm applies with particular force where the threatened or impaired right is a woman's fundamental right to abortion, *see, e.g.*, *Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 911 (9th Cir. 2014); *Planned Parenthood of Wis., Inc. v. Van Hollen*, 738 F.3d 786, 795–96 (7th Cir. 2013).

### III.    THE BALANCE OF HARM TIPS DECIDEDLY IN PLAINTIFFS' FAVOR.

It is beyond dispute that Plaintiffs and their patients face far greater irreparable injury as a result of the Act's enforcement than Defendants would face if the Act's enforcement were enjoined. Impairing a constitutional right alone is irreparable injury, but the consequences that result from a woman being forced to maintain a pregnancy against her will are likewise irremediable, and include potential emotional, financial, and physical harm.

On the other hand, the Commonwealth "does not have an interest in enforcing a law that is likely constitutionally infirm," *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742,

771 (10th Cir. 2010), which the Act manifestly is, *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 337 (6th Cir. 2007). Defendants will suffer no harm from being ordered to preliminarily refrain from enforcing a statute that is unconstitutional under decades of Supreme Court and Sixth Circuit precedent. In short, the balance of hardships weighs overwhelmingly in Plaintiffs' favor, further demonstrating that immediate injunctive relief is necessary and appropriate here.

### IV. A PRELIMINARY INJUNCTION SERVES THE PUBLIC INTEREST.

Finally, the interests of Plaintiffs and the public are aligned in favor of granting preliminary injunctive relief in this case. *Planned Parenthood*, No. 3:22-cv-00198-RGJ (Doc. 27, PageID.255). As the Sixth Circuit has made clear, "[w]hen a constitutional violation is likely . . . the public interest militates in favor of injunctive relief because it is always in the public interest to prevent violation of a party's constitutional rights." *Am. Civil Liberties Union Fund of Mich.*, 796 F.3d at 649 (alteration in original) (internal quotation marks omitted); *accord Mich. State*, 833 F.3d at 669 (same); *Am. Freedom Def. Initiative v. Suburban Mobility Auth. for Reg'l Transp. (SMART)*, 698 F.3d 885, 896 (6th Cir. 2012) ("the public interest is promoted by the robust enforcement of constitutional rights"); *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (same). The only way to ensure that Plaintiffs' and Plaintiffs' patients' constitutional rights are not denied is by enjoining enforcement of the Act.

### V. A BOND IS NOT NECESSARY IN THIS CASE.

Finally, this Court should waive the Federal Rule of Civil Procedure 65(c) bond requirement. The Sixth Circuit has long held "that the district court possesses discretion over whether to require the posting of security." *Appalachian Reg'l Healthcare, Inc. v. Coventry Health and Life Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013) (emphasis omitted) (internal

quotation marks omitted); *see also Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (affirming district court decision to require no bond "because of the strength of [the plaintiff's] case and the strong public interest involved"). This Court should use its discretion to waive the bond requirement here, where the relief sought will result in no monetary loss for Defendants.

## CONCLUSION

For the foregoing reasons, this Court should grant Intervenor Plaintiffs' Motion for a Preliminary Injunction if it does not preliminarily enjoin H.B. 3 in its entirety based on Plaintiff Planned Parenthood's motion.

Dated: April 29, 2022                                     Respectfully submitted,

/s/ Heather L. Gatnarek
Heather L. Gatnarek
ACLU of Kentucky Foundation
325 West Main Street, Suite 2210
Louisville, Kentucky 40202
(502) 581-9746
heather@aclu.ky.org

Brigitte Amiri*
Rachel Reeves*
Jennifer Dalven*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633
bamiri@aclu.org
rreeves@aclu.org
jdalven@aclu.org

Michele Henry
Craig Henry PLC
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
(502) 614-5962

8

mhenry@craighenrylaw.com

*pro hac vice motions pending

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on April 29, 2022, which will generate an electronic notice of filing to all counsel registered with that service.

s/Heather Gatnarek
Heather Gatnarek

9