UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS, | Plaintiff |
| -and- | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS; ERNEST W. MARSHALL, M.D., ON BEHALF OF HIMSELF AND HIS PATIENTS, | Intervenor Plaintiffs |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXECEUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY, | Defendants |

* * * * *

**MEMORANDUM OPINION & TEMPORARY RESTRAINING ORDER**

The Court issued a Memorandum Opinion & Temporary Restraining Order enjoining

Defendants form enforcing Kentucky House Bill 3, the Humanity in Healthcare Act of 2022 [DE

1-1 ("HB 3")]. [DE 27]. Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana,

and Kentucky, Inc., ("Planned Parenthood") moved for a preliminary injunction [DE 3] blocking the enforcement of HB 3.  EMW Women's Surgical Center and Dr. Ernest W. Marshall ("EMW" and together with Planned Parenthood, "Plaintiffs")  moved to intervene [DE 28] which the Court granted [DE 32].  Defendant Attorney General Daniel Cameron ("Attorney General Cameron")[1] responded [DE 39], and Plaintiffs jointly replied [DE 42].  EMW moved for a preliminary injunction.  [DE 38].  Attorney General Cameron responded [DE 41] and EMW replied [DE 43]. The Court held a hearing on May 2, 2022.

As the Court explained at the hearing, it still requires additional information to rule on the motions for a preliminary injunction.  Because this information has not yet been provided, it will extend and modify the Temporary Restraining Order.  This Order does not prevent the Cabinet for Health and Family Services ("Cabinet") from promulgating requisite regulations or creating any of the programs and forms required under HB 3.  It also does not affect the enforcement of previously enacted legislation which HB 3 amended.  KRS § 311.732.

## I.      DISCUSSION

Attorney General Cameron submitted a chart detailing the sections and subsections of HB 3 with which Plaintiffs should be able to comply.  [DE 39-1].  Plaintiffs submitted a similar chart explaining why they could or could not comply with each section of HB 3.  [DE 42-1].  The parties argued their positions at the hearing on May 2, 2022.

### A.  Provisions Remaining in Effect.

---

[1] Responses have not been filed by Defendants Eric Friedlander, in his official capacity as Secretary of Kentucky's Cabinet for Health and Family Services, Michael S. Rodman, in his official capacity as Executive Director of the Kentucky Board of Medical Licensure, and Thomas B. Wine, in his official capacity as Commonwealth's Attorney for the 30th Judicial Circuit of Kentucky.  But these defendants did appear at the May 2, 2022 hearing. When the Court refers to "Defendants" it refers to all defendants in this action in their official capacities.

Plaintiffs conceded that the following provisions of HB 3 are not applicable because they do not impose an obligation on Planned Parenthood or include no change from the prior version of the law: Subsections 1(1), (3)–(8), (12); Subsections 2(1)–(26); Subsections 3(1)–(11), (13)–(38); Subsections 4(6)–(7), (9)–(11); Subsection 10(3); Subsections 12(1)–(2); Subsection 20(1); Subsections 21(1)–(2); Subsections 23(1)–(14), (16)–(19); Subsections 24(1)–(6); Subsections 28(1)–(5); Subsection 29(7); Section 30; Subsections 33(7)–(9); Subsection 36(3); Subsections 37(1)–(3); Section 38. [DE 42-1]. Plaintiffs also conceded that they are currently complying with Subsection 6(2) because it is redundant of Kentucky law that already prohibits distribution of abortion-inducing drugs by courier, delivery, or mail service. Attorney General Cameron agrees that Plaintiffs can comply with these provisions. [DE 39-1]. Therefore, the Court will not restrain these provisions from enforcement.

Plaintiffs claim that compliance with Subsections 10(1)–(2) is impossible. [DE 42-1 at 603–604]. Attorney General Cameral claims that these subsections establish that HB 3 should not be construed as recognizing a right to abortion and does not "make an abortion lawful that is otherwise unlawful." [DE 39-1 at 546]. These provisions of HB 3 merely establish the intent of the Kentucky Legislature as it relates to Sections 5–11. There is no operative language that imposes any requirements on Plaintiffs. Therefore, the Court will not temporarily restrain Subsections 10(1)–(2).

Plaintiffs also claim that they cannot comply with Subsection 4(1) because it requires a form under Section 13. Yet Plaintiffs conceded at the hearing that they already submit the information required by Subsection 4(1). Although the change in reporting deadlines from 15 days to three days after the end of each month will require a change in internal procedures, Plaintiffs stated that they could comply with this requirement. Therefore, the Court will not restrain

Subsection 4(1).  The Court will only temporarily restrain Subsection 4(2), which describes the information required by Subsection 4(1), to the extent that HB 3 added additional informational requirements.

Defendants argue that Plaintiffs can comply with the definition sections of HB 3, which include Sections 5 and 14.  [DE 39-1 at 545, 547].  In response, Plaintiffs contend that these sections include definitions that are inherently impossible to comply with.  [DE 42-1 at 601, 605–606].  Because the Court will temporarily restrain the sections of HB 3 that include defined terms that create compliance issues, the Court will not restrain Sections 5 and 14.

Finally, Plaintiffs have argued that Section 39 should be restrained.  [DE 42-1 at 622]. Attorney General Cameron notes that Plaintiffs should be required to comply with this section. [DE 39-1 at 547].  Section 39 of HB 3 includes the Emergency Clause that made the entirety of HB 3 enforceable upon its passage by the Kentucky Legislature.  HB 3 § 39.  At the hearing on May 2, Attorney General Cameron argued that at the very least, Section 39 should be enforceable to the extent that the underlying law is enforceable against Plaintiffs.  The Court has not restrained certain provision of HB 3 as set forth in this Order.  Because the Court will temporarily restrain provisions of HB 3 that Plaintiffs cannot immediately comply with, it will not restrain Section 39.

### B.  Provisions Temporarily Restrained.

Several provisions of HB 3 require the Cabinet to create additional forms or promulgate regulations before compliance is possible.  The Court rejects Attorney General Cameron's argument that compliance is not required until the Cabinet creates a means for compliance.  [DE 39 at 520–21].  This argument conflicts with other statements proffered by Attorney General Cameron and indicates that his office may seek to enforce HB 3 in its entirety.  [DE 21 at 214] ("[T]he inability to enforce HB 3 irretrievably harms the women and unborn children it was

4

enacted to protect.").    Similarly, the Court rejects Attorney General Cameron's argument that

Plaintiffs can comply with HB 3's reporting requirements by submitting the information to the

Cabinet without the required form.   [DE 39 at 520].   Plaintiffs cannot be expected to report

sensitive patient information to the Cabinet without knowing how to report the information or who

to send it to.   Therefore, the Court **TEMPORARILY RESTRAINS ENFORCEMENT** of these

provisions of HB 3: Subsections 1(2), (9)–(11); Subsection 2(27); Subsections 3(12); Subsections

4(3)–(5); Subsection 6(1); Sections 7–9; Subsection 10(3); Section 15; Subsections 16(2)–(3);

Section 17; Subsection 18(2); Subsections 20(2)–(3); Subsections 21(3)–(4); Section 22;

Subsection 23(15); Sections 25–26; Subsection 27(4); Subsection 29(1)–(6).

Several provisions of HB 3 require that the Cabinet create forms or promulgate regulations

directed at Plaintiffs.   These provisions include Section 13, Subsection 16(1), Subsection 18(1),

and Section 19.   At the hearing on May 2, Plaintiffs argued that these provisions created

requirements that made it impossible to comply with the law.   Defendants contended that these

provisions simply created a directive for the Cabinet and did not create any new requirements for

Plaintiffs.    Out of an abundance of caution, the Court **TEMPORARILY RESTRAINS**

**ENFORCEMENT** of Section 13, Subsection 16(1), Subsection 18(1), and Section 19 only to the

extent that they may be enforced against Plaintiffs.   Nothing in this Order shall be construed to

prevent the Cabinet from promulgating regulations or creating any of the programs and forms

required under these sections.

HB 3 includes several sections and subsections that provide an enforcement mechanism

for government agencies and private plaintiffs.   These provisions allow for some type of

enforcement: Subsection 3(39); Subsection 4(8); Section 11; Subsection 28(6); Section 31.   At the

hearing on May 2, Plaintiffs argued that the enforcement of these provisions should be restrained

because it is impossible to comply with the underlying law.  Attorney General Cameron argued that if the Court held that Plaintiffs could not comply with the underlying law, then the enforcement provisions should not be restrained because they would be inapplicable.  Because it is currently impossible for Plaintiffs to comply with certain provisions of HB 3, the Court **TEMPORARILY RESTRAINS ENFORCEMENT** of Subsection 3(39), Subsection 4(8), Section 11, Subsection 28(6), Section 31 to the extent that it also temporarily restrains the underlying law.

EMW has requested that the Court enjoin provisions of HB 3 related to HB 3's ban on abortions after 15 weeks. [DE 38 at 507].  These provisions include Subsections 27(1)–(3), Section 32, Subsections 33(1)–(6), and Sections 34–35.  [*Id.*]  EMW contends that these provisions of HB 3 violate the constitutionally protected right to a pre-viability abortion under the Fourteenth Amendment, which was recognized by the Supreme Court in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 846 (1992).  [*Id.* at 508].  In response, Attorney General Cameron claimed that the state interests here are different that those considered in *Casey*.  [DE 41 at 564–65].  Attorney General Cameron argues that the state has a legitimate interest in protecting the life of the unborn, protecting mothers, and ensuring the integrity of the medical profession. [*Id.*].  For EMW to succeed on the merits, it must prove that HB 3 (1) is not reasonably related to a legitimate state interest or (2) has the effect of placing a substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus.  *See Preterm-Cleveland v. McCloud*, 994 F.3d 512, 520 (6th Cir. 2021) (en banc).  The Sixth Circuit has recognized that an outright ban would constitute an undue burden.  *See id.* at 525.  Because there is a likelihood of success on the merits and the Court still requires additional information from the parties, the Court **TEMPORARILY RESTRAINS ENFORCEMENT** of Subsections 27(1)–(3), Section 32, Subsections 33(1)–(6), and Sections 34–35.

## II.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)    Defendants Daniel Cameron, in his official capacity as Attorney General, Eric Friedlander, in his official capacity as Secretary of Kentucky's Cabinet for Health and Family Services, Michael S. Rodman, in his official capacity as Executive Director of the Kentucky Board of Medical Licensure, and Thomas B. Wine, in his official capacity as Commonwealth's Attorney for the 30th Judicial Circuit of Kentucky, are **TEMPORARILY RESTRAINED** from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with the following provisions of HB 3:

    a.  Subsections 1(2), (9)–(11); Subsection 2(27); Subsections 3(12); Subsections 4(3)–(5); Subsection 6(1); Sections 7–9; Subsection 10(3); Section 15; Subsections 16(2)–(3); Section 17; Subsection 18(2); Subsections 20(2)–(3); Subsections 21(3)–(4); Section 22; Subsection 23(15); Sections 25–26; Subsection 27(4); Subsection 29(1)–(6); Subsections 27(1)–(3); Section 32; Subsections 33(1)–(6); Sections 34–35;

    b.  Section 13; Subsection 16(1); Subsection 18(1); Section 19 only to the extent they may be enforced against Plaintiffs;

    c.  Subsection 3(39); Subsection 4(8); Section 11; Subsection 28(6); Section 31 only to the extent that the Court also temporarily restrains the underlying law; and

    d.  Subsection 4(2) only to the extent that HB 3 added additional requirements to the existing law.

(2)     This TRO is effective as of **May 5, 2022, at 3:00 p.m**. and shall remain in effect fourteen (14) days from the effective date and time unless the adverse party consents to a longer extension under Federal Rule of Civil Procedure 65(b)(2).

(3)     The requirement of security under Federal Rule of Civil Procedure 65(c) is waived due to the strong public interest involved.

Rebecca Grady Jennings, District Judge
United States District Court

May 4, 2022

8