UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically filed*

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA and KENTUCKY, INC., | |
| *Plaintiff* | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C., *et al.*, | Civil Action No. 3:22-cv-198-RGJ |
| *Intervenor Plaintiffs* | |
| v. | |
| DANIEL CAMERON, *et al.*, | |
| *Defendants* | |

**ATTORNEY GENERAL DANIEL CAMERON'S EMERGENCY
MOTION TO LIFT PRELIMINARY INJUNCTION**

Attorney General Daniel Cameron moves the Court to immediately lift its preliminary injunction as to House Bill 3. **He respectfully requests a ruling by the end of the day.** The Court's injunction has been in place for more than two months and any further delay continues the irreparable harm suffered from enjoining a clearly constitutional law.

1

## INTRODUCTION

The Sixth Circuit remanded this case because the Supreme Court's opinion in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 2022 WL 2276808 (June 24, 2022), "potentially significantly alters the considerations underlying the preliminary injunction." Sixth Circuit Dkt.27, Order at 2. That is no doubt true. In fact, *Dobbs* all but resolves this case. The Court granted a preliminary injunction enjoining enforcement of numerous provisions of HB 3. For all but those related to the 15-week prohibition, the Court determined that HB 3 violates both the substantive- and procedural-due-process rights of the Clinics and their patients because the law is impossible to comply with and thus prevents the Clinics from providing abortions.

The Attorney General disagrees with that conclusion, but it no longer matters. The Supreme Court's recent decision in *Dobbs* eliminates the only colorable basis for the Clinics' challenge. That decision overrules *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and discards the basis of the Clinics' substantive-due-process claim. So it does not matter whether the Clinics can comply with HB 3 today or whether they have to wait for various forms and regulations. *Dobbs* does away with any colorable substantive-due-process argument that the Clinics had—including for the 15-week prohibition.

And the other basis for the injunction—the procedural-due-process claim—was never correct to begin with. The Sixth Circuit failed to acknowledge that this Court's injunction remains in place (as to all but the 15-week ban) on grounds wholly

2

independent from *Dobbs*. So while the Attorney General acknowledges that this Court is perhaps unlikely to alter its decision on the procedural-due-process claim that is unaffected by *Dobbs*, the Attorney General nevertheless asks the Court to immediately dissolve the injunction for all the grounds stated below and in his prior filings. If the Court is inclined to reject the Attorney General's motion as to the procedural-due-process claim, the Attorney General respectfully asks the Court to do so immediately so that the Attorney General's now-delayed appeal can resume.

## ARGUMENT

There is no need repeat the detailed background of this case. Suffice to say that the Court granted a preliminary injunction preventing enforcement of a large swath of HB 3. That decision (except as to the 15-week prohibition) rested *solely* on the determination that Planned Parenthood and EMW could not comply with the various provisions of HB 3 until Kentucky's Cabinet for Health and Family Services created forms and promulgated regulations under the act. Doc. 65, PageID.1272, 86. The Court held that the purported impossibility of compliance violated substantive and procedural due process. *Id.* at PageID.1272, 77.

The Attorney General maintains that holding was wrong. But whether it was does not matter anymore. *Dobbs* easily resolves this case. And it is a "significant 'change[] in the law'" since the Court's previous ruling. *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) (citation omitted). The Court's substantive-due-process holdings rested on the now-overruled undue-burden test. Without it—under rational-basis review—there is no substantive-due-process violation.

3

And there was never a procedural-due-process violation, even before *Dobbs*. No such claim is viable as to a generally applicable law like HB 3—especially not in a pre-enforcement challenge.

All that is to say the Attorney General is surely likely to succeed on the merits of both claims. And given that likelihood of success, each other preliminary-injunction factor—whether the Attorney General will be irreparably harmed, whether the other parties will be harmed, and what the public interest favors—also favor lifting the injunction. *See City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc). The Court should lift it immediately.

## I.   The Attorney General is likely to succeed on the merits even if the Clinics cannot immediately comply with HB 3.

The Court's only reason for granting the preliminary injunction (except as to the 15-week prohibition) was its determination that the Clinics could not yet comply with various provisions of HB 3. Doc. 65, PageID.1272. In its view, that inability to comply meant that HB 3 likely violated substantive and procedural due process because the Clinics cannot perform abortions until compliance is possible. *Id.* at PageID.1272, 77. The Court erred in holding that the Clinics cannot yet comply with the operative provisions of HB 3. But that does not matter anymore. *Dobbs* resolves the substantive-due-process claim even if the Clinics cannot yet comply. And it never mattered whether they cannot comply for the procedural claim.

### A.   The substantive-due-process argument fails after *Dobbs*.

**1.** Start with the substantive-due-process claim. Before *Dobbs*, whether the Clinics could comply mattered. They had a colorable argument that if they cannot

comply until the Cabinet first promulgates the necessary forms and regulations then they cannot perform some abortions, which could place a "substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus." *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 434 (6th Cir. 2020) (citation omitted). So HB 3's requirements could arguably constitute an undue burden until the Cabinet fulfilled its obligations under the act.

But *Dobbs* did away with the purported right to an abortion and discarded the undue-burden standard for abortion regulations. It clarified that such regulations are subject to the same standard as any other health or safety regulation: rational-basis review. *Dobbs*, 2022 WL 2276808, at *42. Under that deferential standard, a "law regulating abortion, like other health and welfare laws, is entitled to a 'strong presumption of validity.'" *Id.* (quoting *Heller v. Doe*, 509 U.S. 312, 319 (1993)). So "if there is a rational basis on which the legislature could have thought that [the law] would serve legitimate state interests," it must be sustained. *Id.*

*Dobbs*, however, goes even further. The Supreme Court did not stop merely at announcing the standard for laws that regulate or prohibit abortion. It held that States have legitimate interests in the "respect for and preservation of prenatal life at *all* stages of development," in protecting "maternal health and safety," in eliminating "gruesome or barbaric medical procedures" like abortion, in mitigating fetal pain, and in preventing discrimination. *Id.* (emphasis added). Prohibiting abortion is rationally related to these—and other—legitimate state interests. *Id.*

**2.** The same is true here. HB 3 is a comprehensive overhaul of Kentucky's abortion laws, and each of the provisions that the Clinics challenge is rationally related to one or all of the legitimate state interests identified above. Consider a few examples.

First, take one of the informed-consent provisions. Section 1(2) requires a physician to obtain informed consent from a parent or guardian before performing an abortion on a minor. And it requires that parent or guardian to make a reasonable attempt to notify another parent at least 48 hours before consenting. Both requirements are supported by a rational basis. It is rational for Kentucky's General Assembly to determine that minors should not make the decision without the consent of a parent—or both parents if possible. So even if the Clinics somehow could not comply with the requirements, and that inability to comply prohibited some abortions, the law is still constitutional.

Second, move to one of the fetal-remains provisions. Section 22(4) prohibits disposing of fetal remains as medical waste, buying or selling remains, and transporting the remains other than for select reasons. Put simply, it requires fetal remains to be treated and disposed of with dignity. There is a rational basis for that too. *Dobbs* is unequivocal that "respect for and preservation of prenatal life" is a legitimate state interest. *Dobbs*, 2022 WL 2276808, at *42. And ensuring that fetal remains are treated and disposed of with dignity shows and fosters respect for unborn life. So even if the Clinics cannot comply with the fetal-remains requirements, those requirements are still constitutional.

And third, take one of the abortion-inducing-drug requirements. Section 15 tasks the Cabinet with creating a certification program to regulate the distribution and dispensing of abortion-inducing drugs. There is a rational basis for ensuring that such drugs are distributed in a safe manner by certified facilities and physicians. Again, *Dobbs* is unequivocal that protecting maternal health and safety is a legitimate interest. *Id.* So if the General Assembly could rationally think that the abortion-inducing-drug-certification program furthers the safety of women seeking an abortion, then it is constitutional. And the General Assembly could. It makes no difference whether before the Cabinet creates the program the Clinics cannot dispense any abortion-inducing drugs. The requirement is constitutional.

The Attorney General could go on. But there is no need. Kentucky "has no obligation to produce evidence to sustain the rationality of its action." *Bristol Reg'l Women's Ctr., P.C. v. Slatery*, 7 F.4th 478, 484 (6th Cir. 2021) (citation omitted). It is on the Clinics to show that there is no rational basis. *Id.* ("[T]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record." (citation omitted)). But they have never even argued that.

So even if the Clinics cannot comply with certain requirements in HB 3 until the Cabinet promulgates the necessary forms and regulations, and even if that inability to comply prevents them from providing abortions, the law survives scrutiny because Kentucky has a rational basis in prohibiting abortions *until* its state agencies are able to ensure that these provisions are followed. In other words, Kentucky is

permitted to prohibit abortions until it can adequately determine that the Clinics are providing informed consent, properly disposing of fetal remains, and fulfilling all the other reasonable requirements in HB 3. And so the law remains constitutional even if the Clinics are right that they are currently unable to comply.

**3.** The only provisions that the Court enjoined enforcement of on a basis other than compliance were those related to the 15-week prohibition. Doc. 65, PageID.1286. Instead, it found that a substantive-due-process violation because it thought they constituted an undue burden. *Id.* at PageID.1288. But regarding the 15-week prohibition, the Court recognized that "the issue in *Dobbs* is identical to the issue in this case." *Id.* at PageID.1289.

So it necessarily follows that the Supreme Court's ruling in *Dobbs* resolves this case. The Court held that Mississippi's 15-week law is constitutional—the State had a rational basis for it. *Dobbs*, 2022 WL 2276808, at \*42. The same must be true here. In fact, multiple of the legitimate interests the Supreme Court noted in *Dobbs* justifying regulations of abortion are present here: respect for and preservation of prenatal life," protecting "maternal health and safety," eliminating "gruesome or barbaric medical procedures," and mitigating fetal pain. *Id.* HB 3 even expressly identifies them. *See* 2022 HB 3 § 32(2)–(4). The provisions related to the 15-week prohibition are necessarily constitutional after *Dobbs*.

### B.      The procedural-due-process argument has always failed.

Now consider the procedural-due-process claim. The Court held that because it thought the Clinics could not yet comply with some requirements, HB 3 violated their procedural-due-process rights. But that gets procedural due process all wrong.

Procedural due process is about the process needed before or after a state deprives an entity of a legally protected property interest. *See Women's Med. Pro. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Its usual application is when a state agency acts to deprive without giving the process due in a pre- or post-deprivation hearing. But it has no applicability to a generally applicable law.

The Sixth Circuit has made that fully clear. When a legislature passes a law of general applicability, such as HB 3, "the legislative process provides all the process that is constitutionally due." *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 217 (6th Cir. 2011) (citation omitted); *see also 37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614, 619 (6th Cir. 1997). And that makes sense. Procedural due process is about preventing arbitrary government action by ensuring sufficient process. Process cannot get more sufficient than when a legislature passes a law.

That is true even if the law does not allow immediate compliance. An inability to comply with a generally applicable law like HB 3 does not entitle the Clinics to additional process.[1] That is just an attempt to backdoor a substantive-due-process

---

[1]   In its prior ruling, the Court cited no case that says otherwise. The cases the Court cited in support of its statement that a law may "violate due process where compliance is impossible or a reasonable time is not given to comply" do not do the work it claimed. Doc. 65, PageID.1274. None say that there is a procedural-due-process violation when compliance is not immediately possible. *See, e.g.*, *Planned Parenthood*

claim into a procedural one. The General Assembly can prohibit the Clinics from providing abortions if they do not satisfy certain criteria even if it is not yet possible to satisfy those criteria—provided that does not violate a substantive right.

The Clinics' own example of a State adopting a statute requiring gun sellers to register in a state database illustrates the point well. *See* Sixth Circuit Dkt.10, Resp. Mot. Stay at 20. If the State required gun sellers to comply immediately but had not yet created the database, there would not be a procedural-due-process problem with the law on its face. The legislative process fully resolves that. Instead, there would be a substantive claim under the Second Amendment.

The only way the Clinics could have a viable procedural-due-process claim related to HB 3 would be if a state agency acted to deprive the Clinics of a legally protected right as part of enforcing HB 3. But even then, the claim would be only that there was not adequate process in that enforcement. That is exactly what occurred in *Baird*. *See* 438 F.3d at 612. There the state agency issued a cease-and-desist order

---

*of Wisc., Inc. v. Van Hollen*, 738 F.3d 786, 791 (7th Cir. 2013) (basing its holding on substantive due process); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994) (considering retroactive legislation). And the Court's best case is an unpublished, district court decision with completely off-point facts. *See Campbell v. Bennett*, 212 F. Supp. 2d 1339, 1343 (M.D. Ala. 2002). But like each other case cited, *Campbell* does not base its holding on procedural due process. *Id.* at 1345–46. Instead, it simply says that "any law that requires you to do something by a certain date must give you adequate time to do it; otherwise, the law would be irrational and arbitrary for compliance with it would be impossible." *Id.* at 1343. Even assuming that statement rested on procedural due process, it does not apply here. The General Assembly can prohibit abortions outright. And it can prohibit abortions unless they conform to certain criteria. So there is nothing irrational or arbitrary in saying that abortions cannot be performed unless certain criteria are met and before that is possible no abortions can be performed.

requiring a clinic to close, which prevented the clinic from obtaining a pre-deprivation hearing as required under state law. *Id.* at 613. It was not the state law that gave rise to the procedural-due-process claim; it was the lack of adequate process given by the state agency in carrying out the law.

But nothing of the sort has happened under HB 3. No government actor has deprived or threatened to deprive the Clinics of anything. So there is no deprivation to analyze whether the Clinics received the process due. All that is at issue here is a generally applicable law. And its passage through both legislative chambers necessarily provides all the process constitutionally due.

## II.    The remaining factors favor lifting the injunction.

The remaining factors require little elaboration. Of course, the Attorney General on behalf of Kentucky is irreparably harmed by the Court's enjoining enforcement of constitutional provisions of a validly enacted law. Whenever "a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Thompson v. DeWine*, 976 F.3d 610, 619 (6th Cir. 2020) (citation omitted). Kentucky has suffered that injury for over two months—since the Court first granted a temporary restraining order. *See* Doc. 27, PageID.241. Each day since then, it has been enjoined from enforcing a constitutional law enacted by its people's representatives. Each day Kentucky has been irreparably harmed. And because HB 3 is constitutional, the Clinics are in no way harmed by its enforcement.

11

In the same way, the public interest necessarily favors dissolving the preliminary injunction: "It's in the public interest that [courts] give effect to the will of the people 'by enforcing the laws they and their representatives enact.'" *Thompson*, 976 F.3d at 619 (citation omitted). And the public has an interest in enforcement of each of HB 3's requirements. It has an interest in minors providing the full scope of informed consent before obtaining an abortion; in fetal remains being disposed of with dignity; in abortion-inducing drugs being provided safely—the list goes on and on.

\* \* \*

*Dobbs* forecloses the only meaningful argument that the Clinics had. Even if they cannot comply with all of HB 3's requirements, their substantive-due-process argument cannot prevail. And their procedural one never could. The Attorney General is likely to succeed on the merits. That and each other relevant factor weigh in his favor.

## CONCLUSION

The Court should lift its temporary injunction immediately.

12

Respectfully submitted,

Daniel Cameron
ATTORNEY GENERAL

*/s/ Christopher L. Thacker*
Victor B. Maddox
Carmine G. Iaccarino
Christopher L. Thacker
Lindsey R. Keiser
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Carmine.Iaccarino@ky.gov
Christopher.Thacker@ky.gov
Lindsey.Keiser@ky.gov

*Counsel for Attorney General Cameron*

## CERTIFICATE OF SERVICE

I certify that on June 30, 2022, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

*/s/ Christopher L. Thacker*
*Counsel for Attorney General Cameron*