UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS, | Plaintiff |
| -and- | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS; ERNEST W. MARSHALL, M.D., ON BEHALF OF HIMSELF AND HIS PATIENTS, | Intervenor Plaintiffs |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXCECUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY | Defendants |

\* \* \* \* \*

## ORDER

Defendant Attorney General Daniel Cameron ("Attorney General") moved to lift the Court's Preliminary Injunction [DE 65], which enjoined enforcement of certain provisions of Kentucky House Bill 3, the Humanity in Healthcare Act of 2022 [DE 1-1 ("HB 3")]. [DE 80 at

1391].  Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky, Inc., ("Planned Parenthood") and Intervening Plaintiff EMW Women's Surgical Center and Dr. Ernest W. Marshall ("EMW" and together with Planned Parenthood, "Plaintiffs") responded in opposition [DE 82] and the Attorney General replied [DE 83].

In his reply, the Attorney General raised new arguments regarding updated forms created by Kentucky's Cabinet for Health and Family Services ("Cabinet").  [DE 83 at 1475–76].  The Sixth Circuit has held that a party may be granted leave to file a sur-reply when the opposing party's reply raises new arguments.  *See Rose v. Liberty Life Assurance Co. of Boston*, No. 315-CV-28-DJH-CHL, 2015 WL 10002923, at *1 (W.D. Ky. Oct. 19, 2005) (citing *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014)), *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) (Allowing a sur-reply is appropriate "especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'").  "Whether to permit a party to file a surreply is a matter left to the trial court's discretion." *Id.*

Accordingly, **IT IS ORDERED** that because the Attorney General raised new arguments in his reply, Plaintiffs may file a sur-reply responding to these new arguments by July 12, 2022, at 11:59 p.m.

**IT IS FURTHER ORDERED** that the Cabinet shall file a status report by July 12, 2022, at 11:59 p.m. regarding the steps it has taken to comply with HB 3's requirements since the entry of this Court's Preliminary Injunction [DE 65].  The Cabinet should explain the specific changes made to forms VS-913 and VS-913P, when the changes were made, how the revised forms were distributed to Plaintiffs, and how those changes relate to HB 3's requirements and the ability to comply with such requirements.

**IT IS FURTHER ORDERED** that the Cabinet, and any other effected party, is required to notify the Court within 24 hours of any changes regarding the ability to comply with HB 3.

Rebecca Grady Jennings, District Judge
United States District Court

July 11, 2022