UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS, | Plaintiff |
| -and- | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS; ERNEST W. MARSHALL, M.D., ON BEHALF OF HIMSELF AND HIS PATIENTS, | Intervenor Plaintiffs |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXECEUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY | Defendants |

\* \* \* \* \*

**ORDER**

On June 30, 2022, the Sixth Circuit (Circuit Judges Clay, Stranch, and Rogers) remanded Case No. 22-5451 to this Court for further proceedings in light of the Supreme Court decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). [DE 79]. On the same

day, Defendant Attorney General Daniel Cameron ("Attorney General") moved to lift the Court's Preliminary Injunction [DE 65], which enjoined enforcement of certain provisions of Kentucky House Bill 3, the Humanity in Healthcare Act of 2022 [DE 1-1 ("HB 3")] and stayed litigation pending the Supreme Court's decision in *Dobbs*. [DE 80 at 1391]. Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky, Inc., ("Planned Parenthood") and Intervening Plaintiff EMW Women's Surgical Center and Dr. Ernest W. Marshall ("EMW" and together with Planned Parenthood, "Plaintiffs") responded in opposition [DE 82] and the Attorney General replied [DE 83].

**I.      Preliminary Injunction of HB 3's 15-Week Ban Pending Decision in *Dobbs*.**

The Attorney General has moved to lift the Court's Preliminary Injunction of HB 3 as it relates to the 15-week ban. [DE 80 at 1398]. EMW does not oppose the Attorney General's motion to lift the Preliminary Injunction as it relates to the 15-week ban, which was codified HB 3 §§ 27, 33(2), (4), and (6), and 34. Because EMW is the only provider that performs abortions beyond 15 weeks, EMW was the only plaintiff who asserted a claim related to the 15-week ban. [DE 33 at 414]. When enjoining the 15-week ban, the Court applied the undue burden test articulated in *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992). [DE 65 at 1287]. The Court then stayed litigation on the issue pending the Supreme Court's decision in *Dobbs*. [*Id.* at 1290]. Now that the Supreme Court issued its opinion in *Dobbs*, the Court must reconsider its preliminary injunction regarding the 15-week ban.

The Supreme Court's decision in *Dobbs* resolves "whether all pre-viability prohibitions on *elective* abortions are unconstitutional." *Dobbs*, 142 S. Ct. at 2244 (emphasis added).[1] The opinion

---

[1] Although when discussing the state of abortion regulations in America before *Roe* was decided, the Supreme Court noted that a majority of states prohibited abortion except in emergencies to "save the life of the mother," *Dobbs*, 142 S. Ct. at 2253, the opinion does not otherwise comment on any right to a non-elective emergency abortion to save the life of the mother.

2

holds "that the Constitution does not confer a right to abortion." *Id.* at 2258. The Court then applied a rational-basis review to Mississippi's Gestational Age Act which prohibits abortion "[e]xcept 'in a medical emergency or in the case of a severe fetal abnormality'… 'if the probable gestational age of the unborn human being has been determined to be greater than fifteen (15) weeks.'" *Id.* at 2284 (citing Miss. Code Ann. § 41–41–191(4)(b) (2018)). Finding that the state's "legitimate interests provide a rational basis for the Gestational Age Act," the Court held "that respondents' constitutional challenge must fail." *Id.*

Because the Supreme Court opinion in *Dobbs* overruled *Roe v. Wade*, 410 U.S. 113 (1973) and *Casey*—the basis for the Court's Order enjoining HB 3's 15-week ban on abortion—and because Plaintiffs have not opposed lifting the Preliminary Injunction as it applies to the 15-week ban, the Court **GRANTS** the Attorney General's unopposed Motion to Lift Preliminary Injunction [DE 80] as it relates to Sections 27, 33(2), (4), and (6), and 34.[2]

## II. Preliminary Injunction of Certain Sections of HB 3 Regarding Compliance Issues.

While *Dobbs* will require this Court to reconsider its analysis of the likelihood of success on Plaintiffs' claims,[3] HB 3 will at a minimum apply to non-elective emergency abortions to save the life of the mother which remain legal under *Dobbs* and KRS 311.772, Kentucky's "Trigger Ban," although this Trigger Ban is subject to a Temporary Restraining Order in Jefferson Circuit

---

[2] Although the Court is lifting its Preliminary Injunction as it relates to these sections, it is not dismissing this part of the case. If EMW intends to have this portion of the case dismissed, they should follow Federal Rule of Civil Procedure 41.

[3] Of the four claims initially advanced by the Plaintiffs' the Court only analyzed two claims as part of its preliminary injunction. *Transtex Composite, Inc. v. Laydon Composite, Ltd.*, No. CIV.A. 12-150-C, 2012 WL 5362191, at *2 (W.D. Ky. Oct. 30, 2012)(The moving party need only show a likelihood of success on the merits of one claim where there are multiple claims at issue in a complaint).

Court as of the date of this order.[4]  HB 3 will remain operative even if some of the Plaintiffs' claims are no longer viable under *Dobbs*, as compliance with HB 3 still applies to non-elective emergency abortions and abortions being preformed as a result of the state court's Restraining Order. As a result, the ability to comply with HB 3 remains at issue and this Court will need to review the merits of its preliminary injunction as it relates to the compliance portion of its opinion.

Given the Attorney General's newly raised arguments regarding recently created forms applicable to Plaintiffs' compliance with the enjoined provisions of HB 3, the Court granted leave for Plaintiffs to file a sur-reply and requested a status report from Kentucky's Cabinet for Health and Family Services ("Cabinet"). [DE 84]. It is apparent from the Attorney General's reply [DE 83], the Cabinet's status report [DE 85], and Plaintiffs' sur-reply [DE 86], that the Cabinet is currently in the process of creating a means of compliance.

The Cabinet updated abortion reporting forms VS-913 and VS-913P to comply with HB 3. [DE 85 at 1486]. However, Plaintiffs only discovered these updates by happenstance on July 7 when an EMW employee noticed that the normal reporting portal was locked. [DE 86 at 1494]. Plaintiffs, however, contend that forms VS-913 and VS-913P do not satisfy the requirements of HB 3. [*Id.* at 1496]. They also argue that the forms are over-inclusive of information and risk

---

[4] On June 27, Plaintiffs filed a separate action in Jefferson County Circuit Court (Case No. 22-CI-003225) seeking an order restraining enforcement of the Trigger Ban and KRS 311.7701–11 ("Six-Week Ban"). On June 30, the Jefferson Circuit Court entered a Restraining Order in Case No. 22-CI-003225, which prohibited Defendants from enforcing the Trigger Ban and Six-Week Ban. The Attorney General appealed the Restraining Order to the Kentucky Court of Appeals. The Kentucky Court of Appeals affirmed the Restraining Order. *See Cameron v. Perry*, No. 2022-CA-0780-OA, 2022 WL 2443398 (Ky. App. July 2, 2022). The Kentucky Supreme Court also denied the Attorney General's subsequent appeal. *See Cameron v. Perry*, No. 2022-SC-0266-OA (Ky. July 5, 2022). On July 6, the Court held a temporary injunction hearing in Case No. 22-CI-003225. [DE 82 at 1410]. At the conclusion of the hearing, the state court issued post-hearing briefing due on July 18 and denied the Attorney General's oral motion to dissolve the restraining order in the meantime. [*Id.*]. As of the date of this Order, the Jefferson Circuit Court Restraining Order remains in effect. Therefore, Plaintiffs are continuing to perform abortions in accordance with the state court's Restraining Order and this Court's Preliminary Injunction. [*Id.* at 1408].

violating the Health Insurance Portability and Accountability Act.  [*Id.* at 1498].

The Cabinet filed 901 KAR 5:120E with Kentucky's Legislative Research Commission on June 30, 2022, to aid compliance with HB 3.  [*Id.* at 1487].  This is the first step in the process of enacting this regulation, however, at this time the regulation is not yet final.  *See* KRS §§ 13A.200–13A.314.  The Cabinet also declared that it is preparing to file additional administrative regulations with the Legislative Research Commission by July 15 to meet the requirements of Sections 15, 16, 17, and 21.  [DE 85 at 1488].  Plaintiffs were unaware of these newly filed regulations until they reviewed the Cabinet's status report as these regulations are not yet public.  [DE 86 at 1496].  The Court has not been provided these proposed regulations.

The Cabinet is currently engaged in the promulgation of regulations as well as meaningful discussions with Plaintiffs to design a means of compliance with HB 3 that may moot the need for the Court's Preliminary Injunction.  [*Id.* at 1495].  Therefore, the Court cannot rule at this time on the Attorney General's motion without additional information as to the new administrative regulations yet to be filed. As such, this portion of the Attorney General's Motion will remain under consideration as the Court completes its analysis under the new precedent in *Dobbs* and additional information is gathered from the parties.  To that end the Court is requesting additional briefing as set forth below.

### III.   Conclusion

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

5

1. The Attorney General's Motion to Lift Preliminary Injunction [DE 80] is **GRANTED IN PART** as it applies to HB 3 §§ 27, 33(2), (4), and (6), and 34 and **REMAINS SUBMITTED TO THE COURT FOR CONSIDERATION** as it applies to all other enjoined sections of HB 3;

2. The Preliminary Injunction [DE 65] is **PARTIALLY DISSOLVED** as it applies to HB 3 §§ 27, 33(2), (4), and (6), and 34 as of 11:59 p.m. EDT Friday, July 15, 2022.

3. The Cabinet and Planned Parenthood shall file status reports and/or additional briefing seven days from the entry of this Order describing any progress made towards compliance with HB 3, the applicability of any new forms or regulations, the process of promulgating these regulations, and the status of the Plaintiffs' remaining claims set forth in the original complaints as it relates to the rapidly changing status of the law in the Commonwealth. Any other Defendant may also file a status report and/or additional briefing regarding Plaintiffs' ability to comply with provisions of HB 3 in light of the new forms and regulations and the status of the Plaintiffs' remaining claims; and

4. Because the Cabinet did not articulate a reason for its request for a status conference, the Cabinet's Motion for a Status Conference [DE 74] is **DENIED** at this time.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

July 14, 2022