UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS, | Plaintiff |
| -and- | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS; ERNEST W. MARSHALL, M.D., ON BEHALF OF HIMSELF AND HIS PATIENTS, | Intervenor Plaintiffs |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY | Defendants |

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

On September 16, 2022, as requested by the Court, Kentucky's Cabinet for Health and Family Services ("Cabinet") provided a status report indicating its efforts to Comply with Kentucky House Bill 3, the Humanity in Healthcare Act of 2022 [DE 1-1 ("HB 3")]. [DE 99].

Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky, Inc., ("Planned Parenthood") and Intervening Plaintiff EMW Women's Surgical Center and Dr. Ernest W. Marshall ("EMW" and together with Planned Parenthood, "Plaintiffs") also filed a status report explaining their efforts towards compliance with HB 3, compliance with regulations promulgated by the Cabinet, and the status of their claims. [DE 100].

## I. BACKGROUND

On May 19, 2022, the Court issued its Preliminary Injunction [DE 65] enjoining Defendants from enforcing or otherwise requiring compliance with the specific provisions of HB 3 until the Cabinet creates a means for compliance. [DE 65 at 1289–90]. The Court also enjoined the Defendants from enforcing §§ 27, 33(2), (4), and (6), and 34 and stayed any related litigation on these sections pending the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022). [*Id.*]. That same day, the Attorney General appealed the Court's Preliminary Injunction to the United States Court of Appeals for the Sixth Circuit. [DE 66].

On June 30, 2022, in response to the Supreme Court's decision in in *Dobbs* and the Sixth Circuit's remand to this Court, [DE 78 at 1386], the Attorney General filed an Emergency Motion to Lift the Preliminary Injunction. [DE 80]. In the Attorney General's reply to the Emergency Motion to Lift the Preliminary Injunction, he argued for the first time that compliance with certain enjoined sections of HB 3 was now possible because the Cabinet has revised forms VS-913 and VS-913P. [DE 83 at 1476]. As a result, the Court ordered the Cabinet to file a status report regarding its efforts to comply with HB 3's mandates and ordered the parties to file a sur-reply responding to the Attorney General's arguments. [DE 84]. According to the Cabinet's first status report, it had begun taking action to comply with HB 3 by updating forms, promulgating regulations, and developing new programs. [DE 85]. In response to the Cabinet's status reports

2

indicating that new regulations had been promulgated and forms had been created, the Court partially dissolved its Preliminary Injunction as it related to HB 3 §§ 1(2) and (9)–(10), § 4(2)(a), (c)–(m), (o)–(s), and (3)–(5), and 29(1)–(4) and HB 3 §§ 9(3), 25, and 26(2)–(3) and (4)(a)–(b) and (d) to the extent Plaintiffs can comply with § 4.[1]  [DE 97].  The Court then ordered additional status reports on the parties continuing promulgation of rules and regulations related to HB 3.  The Cabinet and Plaintiffs then filed status reports. [DE 99; DE 100].  The Attorney General did not file a status report.  However, several days after the status reports were filed, on September 20, 2022, the Attorney General appealed [DE 101] the Court's August 30, 2022 Opinion [DE 97].

## II. DISCUSSION

In the Cabinet's latest status report, the Cabinet indicated it has updated 901 KAR 5:12E and edited forms VS-913 and VS-913P based on public comments. [DE 99 at 1604].  It also created new consent forms for patients and minors. [*Id.* at 1604–603].  Plaintiffs indicate that conversations with the Cabinet remain ongoing, they continue to participate in the statutory rulemaking comment process and request leave to file regular status reports while the parties work towards a resolution of this action.  [DE 100 at 1633].  The Cabinet remains in the process of finalizing the rules and regulations to facilitate compliance with HB 3.  [DE 99].

### A. Jurisdiction

On September 20, Defendant Attorney General Daniel Cameron ("Attorney General") appealed the Court's August 30 Order [DE 97] granting in part the Attorney General's Motion to Lift Preliminary Injunction.  [DE 101].  "Filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *United States v. Walls*, 455 F. Supp. 3d 461, 463 (E.D. Mich. 2020) (citing *Fort*

---

[1] The Court also partially dissolved its Preliminary Injunction as it related to HB 3 §§ 27, 33(2), (4), and (6), and 34 in response to *Dobbs*.  [DE 87].

*Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995)). Therefore, "expansion of a district court's judgment [is] not permitted while an appeal is pending." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).

Notwithstanding the Attorney General's interlocutory appeal, it is unclear whether the Court retains jurisdiction to modify its Preliminary Injunction. *See* Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights"). Some Courts in this circuit have held that Rule 62(d) is interpreted narrowly and in narrowing degrees. *See Graveline v. Johnson*, No. 18-12354, 2018 WL 4184577, at *2 (E.D. Mich. Aug. 30, 2018) (citing *George S. Hofmeister Family Trust v. Trans Indus. of Indiana, Inc.*, No. 06-13984, 2007 WL 128932, at *2 (E.D. Mich. Jan. 12, 2007)). The Sixth Circuit has recognized that there is a circuit split regarding the extent to which a district court can modify its preliminary injunction while it is on appeal. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 513 (6th Cir. 1992). The first line of cases submits that a district court only has power to modify its injunction pending appeal when doing to is necessary to preserve the status quo between the parties. *See id*. The second line of cases indicates that a district court may modify an injunction to preserve the integrity of the proceedings before the court of appeals. *George S. Hofmeister Family Trust*, 2007 WL 128932, at *2 (citing *Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3rd Cir. 1989)). However, the Sixth Circuit did not resolve the split, see *Basicomputer Corp.*, 973 F.2d at 513, meaning the Court's jurisdiction to modify its Preliminary Injunction remains an open question of law.

Status reports filed by the Cabinet and Plaintiffs indicate that the legal landscape surrounding HB 3 has changed and will continue to change as the Cabinet's promulgation of rules and regulations pertaining to HB 3 continues, which is the reason that the Court stated that portions of the Attorney General's Motion remained under submission [DE 97 at 1598] while those rules and regulations become final. [DE 99; DE 100].

The reasoning of the Court's August 30, 2022 Order [DE 97] remains unchanged. The Court has continued to enjoin only those sections of HB 3 for which there is no mean of compliance. An argument can be made that modifying the injunction will maintain the status quo between the parties because it would ensure the injunction only enjoins sections for which there is no means of compliance. But the Court recognizes that whether it has jurisdiction to dissolve portions of its injunction while on interlocutory appeal is an unanswered question of law. *See Basicomputer Corp.*, 973 F.2d at 513.

**B. Means of Compliance with HB 3**

"The principle that an equitable remedy should be enforced only so long as the equities require is one that is deeply rooted in the traditions of common law. A court has continuing jurisdiction to terminate or modify an injunction." *In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d 787, 789 (6th Cir. 1996). As the Sixth Circuit acknowledged, this Court is in the best position to reconsider its injunction. [DE 78 at 1386].

> Injunctions are one of the law's most powerful weapons. Ongoing injunctions should be dissolved when they no longer meet the requirements of equity. The law changes and clarifies itself over time. Neither the doctrines of res judicata or waiver nor a proper respect for previously entered judgments requires that old injunctions remain in effect when the old law on which they were based has changed.

*In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d at 789 (quoting *Sweeton*, 27 F.3d at 1166–67). Moreover, the Sixth Circuit has "recognized the necessity [of] modifying or dissolving injunctions

5

if 'the statutory or decisional law has changed to make legal what the decree was designed to prevent.'" *Id.* (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992)).

Based upon the newly filed status reports and review of the current legal landscape, the Cabinet has created new means of compliance for certain enjoined portions of HB 3, specifically HB 3 §§ 2(27), 3(12) and (39)(b), 13(1) and (6), 15, 19, 26(4)(e), and 29(5)–(6), which makes continuing to enjoin these provisions inequitable. But for the Attorney General's appeal,[2] the Court would immediately release these provisions under the Court's continuing obligation to review its injunction when relief is no longer equitable. *See Sweeton v. Brown*, 27 F.3d 1162, 1166–67 (6th Cir. 1994). Out of an abundance of caution and due to the unsettled jurisdiction of the Court to dissolve portions of the injunction while on interlocutory appeal, the Court does not believe it has the jurisdiction to dissolve these portions of the Preliminary Injunction at this time. However, in light of the Court's review below, the Court will no longer request status reports on the following sections as the Court finds adequate ability for compliance with these provisions of HB 3.

Because the Court does retain jurisdiction on matters unrelated to the appeal, see *Walls*, 455 F. Supp. 3d at 463, the Court will continue to request status reports on provisions that remain enjoined related to the Kentucky Abortion-Inducing Drug Certification Program, certification or registration as a non-surgical abortion provider, patient privacy, and disposal of "fetal remains" pursuant to its obligation to continually review its Preliminary Injunction.

---

[2] The Court also notes that the Attorney General neither objected to nor appealed the Court's first Order narrowing its Preliminary Injunction in light of *Dobbs*. [DE 87]. Instead, the Attorney General waited over two months to appeal the second order further narrowing the Preliminary Injunction. [DE 101].

>    i.   *Section 26(4)(e)*

The Court enjoined Section 26 of HB 3 as part of its Preliminary Injunction. [DE 65 at 1290]. The Court partially lifted its Preliminary Injunction as to § 26 on August 30, 2022. [DE 97 at 1598]. In that Order, the Court found that § 26(4) requires prescriptions for abortion-inducing drugs to be reported on a form that includes the information required by § 4 and additional information described in § 26. [*Id.* at 1594–95]. Because neither form VS-913 nor VS-913P included a space where physicians could list additional drugs provided to the patient or whether multiple emergency transfers occurred, the Court found that Plaintiffs could not comply with § 26(4)(e). [*Id.* at 1595]. The Cabinet's September 16 status report indicates that it was required to update forms to comply with this provision. [DE 99 at 1606]. The Cabinet attached an updated version of form VS-913 that includes a new section where providers can note whether additional drugs were provided to complete the drug-induced abortion. [DE 99-2 at 1623]. The updated form also includes a section where providers can list any emergency transfers that occurred as a result of the procedure. [*Id.*]. Because the Cabinet has revised form VS-913 to conform with the requirements of § 26, it appears the Plaintiffs can comply with § 26(4)(e) and thus no further status report will be required as to this provision.

>    ii.  *Sections 2(27), 3(12), 29(5)–(6)*

Section 2(27) allows the state Board of Medical Licensure to enforce compliance with § 1 of HB 3. Section 3(12) provides criminal penalties for intentional, knowing, or reckless violation of § 1. The Court enjoined §§ 2(27) and 3(12) "only to the extent the Court also temporarily restrain[ed] the underlying law." [DE 65 at 1290]. Because the Court lifted its Preliminary Injunction as to § 1, the effect was to also lift the injunction as to §§ 2(27) and 3(12). [DE 97 at 1597]. Similarly, the Court enjoined § 29(5)–(6) only to the extent it also enjoined § 29(1)–(4).

[DE 65 at 1290]. Sections 29(5)–(6) became enforceable once the Court lifted its Preliminary Injunction as to § 29(1)–(4).

It has been roughly a month since the Court issued its Order lifting its Preliminary Injunction as to § 1. [DE 97]. Plaintiffs have had ample time to train their staff to comply with these new requirements and their related forms. Thus, no further status report as to provisions § 2(27), 3(12), and 29(5)–(6) will be required.

      iii.    *Sections 3(39), 15, 13(1), and (6), 19*

The Court had previously enjoined § 3(39) of HB 3 because § 3(39)(a) allowed for criminal penalties associated with violations of other provisions enjoined by the Court. [DE 65 at 1290]. However, § 3(39)(b) mandates that "[n]o criminal penalty may be assessed against a pregnant patient upon whom a drug-induced abortion is attempted, induced, or performed." As the Court continues to lift the enforcement provisions of HB 3, continuing to enjoin § 3(39)(b) would no longer be equitable. *See In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d at 789. Thus, no further status reports as to § 3(39) will be required.

The Court enjoined § 15 in its entirety. [DE 65 at 1290]. Section 15 directs the Cabinet to create the Kentucky Abortion-Inducing Drug Certification Program, which will establish certification requirements for manufacturers and distributors to transport, supply, or sell abortion inducing drugs. To comply with this section of HB 3, the Cabinet filed 902 KAR 20:365 on July 15, 2022. [DE 99 at 1605]. The public comment period requires by KRS 13A.270 closed on September 30, 2022. [*Id.*]. Section 15 only applies to the Cabinet and does not directly impose an obligation on Plaintiffs. *See* HB 3 § 15. Because the Cabinet has made progress towards compliance, the Court will no longer require status reports as to § 15. Although no further status

8

reports will be required, the certification program contemplated by § 15 may not be enforced against Plaintiffs under the current injunction until it becomes operational.

The Court enjoined §§ 19 and 13(1) and (6) to the extent they could be enforced against Plaintiffs. [DE 65 at 1290]. Section 13(1) requires the Cabinet to create and distribute forms for compliance with §§ 1, 4, 8, 9, 25, 26, 27, and 29. Section 13(6) requires the Cabinet to convey HB 3's new reporting requirements to entities that must report. Section 19 requires the Cabinet to create a complaint portal on its website to submit information about potential violations of the Kentucky Abortion-Inducing Drug Certification Program. HB 3 § 19(1). The Cabinet must review each complaint and determine a disposition within 30 days. HB 3 § 19(4). The Cabinet represents that this portal has been created and will be operational once the regulations establishing the Kentucky Abortion-Inducing Drug Certification Program become effective. [DE 99 at 1605]. Similarly, the Cabinet explains that it has promulgated regulations to address the reporting requirements in § 13. [*Id.* at 1604]. Based on the public comments, the Cabinet updated the regulation and corresponding forms. [*Id.* at 1604–605]. Thus, no further status reports will be required as to §§ 19 and 13(1) and (6).[3]

The Court has not fully ruled on the lifting of the injunction as it relates to the remaining portions of HB3 because the promulgation of the Cabinet's rules and regulations pertaining to HB 3 are still ongoing. In anticipation of further need for action subsequent to the appellate process in this matter, the Court believes that additional status reports would be helpful as the promulgation process continues and the rules and regulations of the Cabinet are finalized. *See In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d at 789.

---

[3] But status reports will still be required as to § 13(2)–(5) because they implicate privacy concerns, which the Court has previously addressed. [DE 97 at 1589–92].

### III.  CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1.  The Cabinet and Plaintiffs shall file status reports and/or additional briefing by close of business on **October 31, 2022**, describing any progress made towards compliance with the remaining enjoined portions of HB 3, the applicability of any new forms or regulations, specifically those still in the finalization process, the promulgation of any new regulations, and the status of the Plaintiffs' remaining claims set forth in the original complaints as it relates to the rapidly changing status of the law in the Commonwealth. The Cabinet and the Plaintiffs shall file additional status reports every 60 days thereafter throughout the pendency of the Attorney General's appeal, Case No. 22-5832. Any other Defendant may also file a status report and/or additional briefing regarding Plaintiffs' ability to comply with provisions of HB 3 in light of the new forms and regulations and the status of the Plaintiffs' remaining claims.

Rebecca Grady Jennings, District Judge
United States District Court

October 5, 2022