UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, AND KENTUCKY, INC., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS, | Plaintiff |
| -and- | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C., ON BEHALF OF ITSELF, ITS STAFF, AND ITS PATIENTS; ERNEST W. MARSHALL, M.D., ON BEHALF OF HIMSELF AND HIS PATIENTS, | Intervenor Plaintiffs |
| v. | Civil Action No. 3:22-cv-198-RGJ |
| DANIEL CAMERON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF KENTUCKY; ERIC FRIEDLANDER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF KENTUCKY'S CABINET FOR HEALTH AND FAMILY SERVICES; MICHAEL S. RODMAN, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE KENTUCKY BOARD OF MEDICAL LICENSURE; AND THOMAS B. WINE, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE 30TH JUDICIAL CIRCUIT OF KENTUCKY | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

On February 28, 2023, as requested by the Court, Kentucky's Cabinet for Health and Family Services ("Cabinet") provided a status report indicating that it had promulgated regulations and created forms to Comply with Kentucky House Bill 3, the Humanity in Healthcare Act of 2022

1

[DE 1-1 ("HB 3")]. [DE 112]. Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky, Inc., ("Planned Parenthood") and Intervening Plaintiff EMW Women's Surgical Center and Dr. Ernest W. Marshall ("EMW" and together with Planned Parenthood, "Plaintiffs") also filed a status report explaining that the Court's Preliminary Injunction is moot because the Cabinet has created the necessary forms and because litigation in Kentucky state court has mooted this action. [DE 113].

## I.   DISCUSSION

Plaintiffs and the Cabinet have explained that the Court's Preliminary Injunction [DE 65] is no longer necessary due to the current state of the law in the Commonwealth and the Cabinet's efforts to comply with HB 3. [DE 112; DE 113]. The Court held that whether it may modify or dissolve its Preliminary Injunction under Federal Rule of Civil Procedure 62(d) remained an unresolved question of law. [DE 103 at 1656].

Since April 14, 2022, when this action was first filed, the state of the law has changed. By Plaintiffs' own admission, the necessary forms for compliance have been created [DE 113 at 1732] and they are no longer providing services [*id.* at 1733]. Continuing to enjoin any part of HB 3 would be inequitable. *See In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d 787, 789 (6th Cir. 1996). But for the Attorney General's appeal [DE 101], the Court would dissolve the entirety of its Preliminary Injunction under the Court's continuing obligation to review its injunction when relief is no longer equitable. *See Sweeton v. Brown*, 27 F.3d 1162, 1166–67 (6th Cir. 1994). As the Court explained in its October 5, 2022 Order [DE 103], the Court does not believe it has the jurisdiction to dissolve its Preliminary Injunction at this time due to the unsettled jurisdiction of the Court to dissolve the injunction while on interlocutory appeal. *See Basicomputer Corp. v.*

*Scott*, 973 F.2d 507, 513 (6th Cir. 1992).  However, the Court will no longer require regular status reports from the parties.

## II.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. The Cabinet and Plaintiffs are no longer required to file status reports in the above-captioned proceeding.